# DELONAS W. POTTER

## *v.*

# J. A. GRONBECK *et al.*

*Filed at Ottawa June 12, 1886.*

1. PLEADING AND EVIDENCE—*common counts—recovery of rent against guarantors.* The assignee of a lessor can not recover for rents due from the lessee, under the common counts, in assumpsit, against parties guaranteeing the payment of the rent and performance of the covenants of the lease. If any recovery is had of the guarantors, it must be upon the guaranty.

2. ASSIGNMENT—*what is assignable, so as to pass legal title—generally.* An instrument depending upon extrinsic proof, before it becomes a binding obligation for the payment of money, is not assignable, under the statute, so as to vest absolutely the legal title in the assignee.

3. SAME—*where a part of the subject matter of an instrument is not assignable—splitting a cause of action.* Our statute makes an instrument in writing for the payment of money or articles of personal property, assignable, the same as bills of exchange; but when the instrument, in addition to a provision for the payment of money, contains other covenants not assignable, and the whole constitutes but one agreement, no assignment can be had of any part thereof so as to vest the legal title. A cause of action can not be split, so as to authorize two or more actions.

4. SAME—*guaranty for payment of rent and performance of covenants.* A written guaranty indorsed upon a lease, whereby the signers "guarantee the payment of the rent and the performance of the covenants by the party of the second part (lessee) in the within lease," is not assignable, so as to pass the legal title to the assignee.

5. GUARANTY—*revocation by one of several guarantors—effect as to the liability of the others.* One of several joint guarantors may revoke his guaranty at any time before it is delivered or accepted, and if the party to whom made afterward accepts the guaranty, with notice of its revocation by one of the guarantors, without informing the others of that fact, that will release the other guarantors also from any supposed obligation as joint guarantors with the one who revoked his guaranty before acceptance.

6. JUDGMENT—*in action against several—against all or none.* Where several persons are sued jointly upon a written guaranty, and their liability, both joint and several, is put in issue by pleas properly verified, and it appears that one of the defendants is not liable at all, having revoked his undertaking before its acceptance, there can be no judgment against the other defendants. In such case there can be no judgment for the plaintiff unless it is against all.

7. PRESUMPTION—*that the court considered the evidence—statement of the judge to the contrary.* Where a court tries a cause without a jury, and hears testimony offered, it will be presumed that it duly considered the same; and the judge will not be heard to say, in an amendment to the bill of exceptions, that he disregarded his duty in refusing to consider the evidence, any more than a jury would be permitted to make such a declaration.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This suit was brought in the Superior Court of Cook county, by Lauchlin McLean, for the use of Delonas W. Potter, against J. A. Gronbeck, John Levin, Knute Nelson, Charles J. Stromberg, John Hanson and Thomas Brown. The declaration contains the common counts, and also a special count upon a written guaranty purporting to be signed by all of defendants. The guaranty upon which the special count is framed, appears to have been written on the back of or attached to a lease of certain premises let by Lauchlin McLean to Rudolph Sylvan and Hannah Sylvan, which lease was signed by the parties thereto, and was to run for a period of ten years. It is as follows:

"For value received, we hereby guarantee the payment of the rent and the performance of the covenants by the party of the second part in the within lease covenanted and agreed, in manner and form as in said lease provided, for three years from the day of occupancy.

"Witness our hands and seals this 23d day of July, A. D. 1883.

| | |
|---|---|
| J. A. GRONBECK, | (Seal) |
| JOHN LEVIN, | (Seal) |
| KNUTE NELSON, | (Seal) |
| CHARLES J. STROMBERG, | (Seal) for $\frac{1}{6}$ |
| JOHN HANSON, | (Seal) for $\frac{1}{6}$ |
| THOMAS BROWN. | (Seal) $\frac{1}{6}$ pt." |

In the special count of the declaration, the alleged guaranty of defendants was declared upon as a joint and several obligation. To the declaration, pleas of the general issue; also pleas denying any joint liability, and also pleas of *non est factum*, were filed by each defendant, all of which appear to have been verified by the affidavits of the respective defendants filing the same. Upon the several pleas, issues were joined, and by agreement of parties the cause was submitted to the court for trial without the intervention of a jury, and it is recited in the record, the court, after "hearing all the evidence adduced," found the "issues for defendants." The motion made for a new trial was overruled, and the court rendered judgment against plaintiff for costs. That judgment was afterwards affirmed in the Appellate Court for the First District on the appeal of Delonas W. Potter, and now he brings the case to this court on his further appeal.

Mr. FRANKLIN P. SIMONS, for the appellant:

If the phrase, "for one-sixth," is to be construed as a reservation or exception in favor of Stromberg, Hansen and Brown, then it is to be construed most strongly against them. But if it can attain the dignity of a *proviso*, then it is without effect, because repugnant to the contract itself. The first proposition is fundamental doctrine. *Cardigan* v. *Armitage;* 2 B. & C. 197; *Bullen* v. *Denning*, 5 id. 842; *House* v. *Palmer*, 9 Ga. 497; *Fawkes* v. *M. A. A.* 3 B. & S. 929; *Jackson* v. *Lawrence*, 11 Johns. 191; *Jackson* v. *Hudson*, 3 id. 387.

That a *proviso* repugnant to the contract is void, see *Benjamin* v. *McConnell*, 4 Gilm. 536; *Rice* v. *Webster*, 18 Ill. 331; *Richardson* v. *People*, 85 id. 495; *Jackson* v. *Ireland*, 3 Wend. 99.

When an obligation is joint and several, it can not be treated as several as to some and joint as to the rest. The obligee must proceed severally against each, or jointly against all.

*Streatfield* v. *Halliday,* 3 T. R. 782; *Cabell* v. *Vaughn,* 1 Wm. Saund. 291; *Bank* v. *Treat,* 6 Greenl. 207.

If the court below did not pass upon the question of revocation, but simply decided the case upon a construction of the guaranty, it was not proper for the Appellate Court to consider evidence or propositions not passed upon by the court below.

Messrs. Blanke & Chytræus, for the appellees:

The case being tried by the court, and its finding as to the facts being sustained by the Appellate Court, they are conclusive on this court.   *Fitch* v. *Johnson,* 104 Ill. 118; *Bridge Co.* v. *Comrs. of Highways,* 101 id. 518; *Miller* v. *Life Ins. Co.* 110 id. 102.

The guaranty was valid before acceptance by the promisee. 2 Parsons on Contracts, 12; Chitty on Contracts, 742.

Until accepted, the guaranty may be withdrawn.   *Offord* v. *Davis,* 12 C. B. (N. S.) 748; *Jordan* v. *Dobbins,* 122 Mass. 168.

The acceptance of the guaranty after notice of revocation by Leven, without notice to the other signers, releases them. *Smith* v. *United States,* 2 Wall. 219; *State* v. *Craig,* 58 Iowa, 238; *McCamer* v. *Thompson,* 21 id. 244.

Where a case is submitted to the court without a jury, the finding must have the same force and effect as that of a jury. *Nimmo* v. *Kuykendall,* 85 Ill. 476.

On motion for a new trial, a juror is not allowed to give the grounds and train of reasoning by which he arrived at his verdict.   *Smith* v. *Eames,* 3 Scam. 81.

Mr. Chief Justice Scott delivered the opinion of the Court:

There would seem to be one reason why the present judgment should be affirmed, without any reference to the merits of the controversy.   It is seen the suit was commenced by

"Lauchlin McLean, for the use of Delouas W. Potter." After-
wards, by leave of court granted for that purpose, Lauchlin
McLean was dismissed out of the suit, leaving Delonas W.
Potter the only plaintiff, and since then the suit has pro-
gressed in the name of Potter, and he alone appealed from
the decision of the trial court. It is obvious there can be no
recovery against defendants, on the common counts, for rent
due from the lessees. If any recovery could be had, it must
be upon their guaranty of the payment of the rent, and the
performance of the covenants of the lease. But can Potter
recover on that guaranty in his own name? That depends
upon the fact whether the alleged guaranty is assignable
under our statute, so as to enable the assignee to maintain a
suit upon it in his own name. It is thought it is not assign-
able, as is negotiable paper, so as to vest the legal title in
the assignee. It is true that under the statute of this State
any instrument in writing, for the payment of money or arti-
cles of personal property, is assignable, as are bills of ex-
change, so as absolutely to transfer and vest the property
thereof in each and every assignee succeeding. But the
guaranty declared upon is not such an instrument. It is to
be observed defendants undertook to "guarantee the payment
of the rent and the performance of the covenants by the party
of the second part in the within lease covenanted and agreed,
in manner and form as in said lease provided, for three years
from the date of occupancy." One objection that appears
upon the face of the instrument is, it is not an unconditional
promise or obligation for the payment of money. Before
any rent could be recovered, the fact of *occupancy* by the
lessees must be averred and proved. An instrument depend-
ing upon extrinsic proof, before it becomes a binding obliga-
tion for the payment of money, is not assignable, under the
statute, so as to vest absolutely the legal title in the assignee.
(*Kingsbury* v. *Wall,* 68 Ill. 311.) But a graver objection
appears on the face of the guaranty. It is, that the under-

taking to guaranty the payment of the rent and the performance of the covenants of the lease, is an entirety, constituting a single agreement. Certainly that clause that obligates defendants to guaranty the "performance of the covenants" of the lease by the lessees, is not assignable, under the statute, as are bills of exchange. It is not for the payment of money or articles of personal property. If the agreement contained no covenant other than for the payment of the rent, it would no doubt be assignable, and the assignee might maintain an action upon it in his own name. But this instrument contains other covenants constituting one agreement, and it is not allowable to assign one covenant in an instrument containing other covenants not assignable. That would be to split up a cause of action, which the practice will not permit. In no event can the present plaintiff recover on the alleged guaranty of defendants.

But without considering all the questions made on the argument, the decision affirming the judgment of the Appellate Court may be placed on the distinct ground, one of the guarantors (Levin) revoked his guaranty, without the knowledge or consent of the other guarantors, before the lease was delivered, and so notified both the lessor and the lessees; yet the lessor, after being notified, accepted the lease and guaranty without communicating that fact to the other guarantors. No importance is attached to the amended bill of exceptions, in which the trial judge recites, "that in announcing the finding for defendants, the court did not consider the evidence contained in the bill of exceptions." The process of reasoning by which the trial court may have reached its conclusion is a matter of no consequence. The court heard the testimony offered, and the presumption is it was duly considered, and certainly the judge who tried the cause instead of a jury, will not be heard to say he disregarded his duty in that respect, and refused to consider the evidence introduced, any more than a jury would be permitted to make such a declaration.

The alleged guaranty was declared on in the special count of the declaration as the joint and several obligation of defendants. The fact of the joint liability of defendants, as well as their several liability, was distinctly put at issue by the pleadings. Upon some of the issues made, the evidence was squarely conflicting. There was evidence tending to show that Levin, whose name appears as one of the makers, revoked his guaranty before the lease was delivered or accepted by the lessor; that the other guarantors had. no knowledge of such revocation, and never consented to it, and that after being so notified, the lessor accepted such lease and guaranty without notifying the other guarantors of the revocation made by their co-guarantor. · As the evidence tends to establish these facts, it will be understood that both the trial and Appellate Courts, in finding the issues for the defendants, as the record shows was done, found every fact the evidence tends to establish, in favor of defendants, and the finding of facts by the latter court on all controverted questions of fact, is, of course, . conclusive upon this court. The law is, a guarantor may revoke his guaranty at any time before it is delivered or accepted, and if the lessor in this case afterwards accepted the guaranty, with knowledge of its revocation, without informing the other guarantors of such fact, that would release them also from any supposed obligation as joint. guarantors with their co-guarantor, Levin. Assuming that to be the fact, as must be done, as the record comes before this court, there could be no judgment against Levin, and, of course, there could be no judgment in an action of assumpsit, as this is, unless it could go against all of defendants.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*