## ADOLPH HIRSCH
### v.
## HENRY A. KOHN ET AL.

1. STATUTE OF FRAUDS.—The court is of opinion that the contract set up under the oral lease which the defendant's evidence tended to establish was not within the Statute of Frauds, as the evidence failed to show that the oral lease sought to be proved was for the term of one year from the expiration of the then existing lease, or for any other fixed or definite term, and therefore it does not appear that said contract could not have been performed within one year.

2. PRACTICE—REVIEWING JUDGMENT OF CIRCUIT COURT.—In reviewing the judgment of a circuit court on appeal, the reasons assigned by the circuit judge for his decision are immaterial. It will be presumed that he duly considered and passed upon every question presented by the record before him, and if his decision can be sustained upon any grounds fairly deducible from the pleadings and evidence, the judgment will be affirmed wholly irrespective of the reasoning which the judge may have adopted in arriving at his decision.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed December 8, 1886.

Messrs. KANE & KANE and Mr. J. R. ANDERSON, for appellant.

Mr. LEWIS H. MITCHELL, for appellees.

BAILEY, J. This was a suit brought by Henry A. Kohn and others, against Adolph Hirsch, before a justice of the peace, and afterward taken by appeal to the circuit court, where a trial was had before the court without a jury, resulting in a judgment in favor of the plaintiff for $135 and costs. It appears that for several years prior to May 1, 1882, the defendant had occupied certain premises as a tenant of the plaintiffs, and that on that day the plaintiffs executed to him a lease in writing, demising said premises to him for the year ending April 30, 1883, reserving as rent the sum of $810, payable in equal monthly installments of $67.50 each; that by an indorsement on said lease dated March 18, 1883, and signed by both the plaintiffs and defendant, said lease was extended

for one year from May 1, 1883, on the same terms and conditions. The defendant continued to occupy said premises until some time in January, 1885, and the present suit was brought to recover the rent for the months of September and October, 1884.

The defendant set up, by way of defense, certain damages arising from a breach by the plaintiffs of an oral contract in relation to making repairs on the demised premises, alleged to have been entered into by the plaintiffs on the 15th day of March, 1884. The defendant gave evidence tending to show that on that day he had a conversation with one of the plaintiffs in relation to renting the premises for a further term, in which it was agreed on the part of the plaintiffs, that they would repair said premises and put them in good condition; in consideration of which the defendant agreed to rent the premises for a further term and pay $67.50 per month therefor. The evidence also tended to show that the plaintiffs failed to make such repairs, and that by reason of the leaky condition of the roof of the building, the defendant's goods and merchandise therein were wet by rains and considerably damaged.

The defendant's evidence in relation to said oral contract was directly disputed by the evidence introduced by the plaintiffs, and the conflict thus raised presented a question of fact which it was peculiarly within the province of the court below, who saw and heard the witnesses, to settle. As the court found the issues for the plaintiffs and assessed their damages at the full amount of the rent, it will be presumed, in support of said finding, that the court gave credence to the plaintiffs' witnesses on this question, and found that no such contract was entered into. We have examined the evidence, as the same is preserved in the record, with care, and we are unable to say that there is such a preponderance in favor of the defendant, as would warrant us in setting aside the finding of the court as being against the weight of the evidence.

But it is said that the court erroneously held that the contract set up by the defendant was within the Statute of Frauds, for the reason that it could not be performed within one year from the time it was made, and that as a result of such erro-

neous holding the defense arising from the breach of said contract was excluded. We are inclined to the opinion that the contract which the defendant's evidence tended to establish was not within the Statute of Frauds, as said evidence wholly fails to show that the oral lease sought to be proved was for the term of one year from the expiration of the then existing lease, or for any other fixed or definite term; and consequently it does not appear that said contract could not have been performed within one year.

The record, however, fails to furnish us with any legal evidence that the decision of the court was based upon an application of the Statute of Frauds. No propositions of law were submitted to the court to be held as the law in the decision of the case. All that appears is, that the court, in rendering his decision, gave as a reason for his finding, that the contract set up by the defendant was within the statute and therefore void, and consequently that the defendant must be deemed to have held the premises as a tenant holding over, and that his rights and liabilities were fixed by the terms and conditions of the former lease. It is well settled, however, that in reviewing the judgment of a circuit court on appeal, the reasons assigned by the circuit judge for his decision are immaterial. It will be presumed that he duly considered and passed upon every question presented by the record before him, and if his decision can be sustained upon any grounds fairly deducible from the pleadings and evidence, the judgment will be affirmed, wholly irrespective of the reasoning which the judge may have adopted in arriving at his decision. See Potter v. Gronbeck, 117 Ill. 404.

But even if it should be conceded that the judge based his decision upon a finding that the contract set up was within the statute, it nowhere appears that he found that the contract was proved, and the evidence on that point being conflicting, the finding of the issues for the plaintiffs is conclusive evidence that the issue as to the making of such contract was found against the defendant.

There being no error in the record, the judgment will be affirmed.

Judgment affirmed.