Levy v. Glickauf.

---

## GOTTLIEB LEVY
### V.
### SIMON GLICKAUF ET AL.

*Landlord and Tenant—Recovery of Rent—Practice.*

1. The grounds on which a trial court reached its conclusion in a given

case, as stated in the bill of exceptions, are not to be regarded on review, unless they are found in propositions of law held or refused.

2. Where the review is confined to a question of fact, this court will only inquire as to whether the evidence supports the finding.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. MOSES & PAM, for appellant.

Mr. JAMES S. McCONNELL, for appellees.

MORAN, P. J. An action was brought by appellees to recover rent due from S. Levy & Co.; Sigfried Levy and Gottlieb Levy, the appellant, were made defendants. Appellant filed a plea denying joint liability and the case was tried by the court, a jury being waived. From the judgment against him Gottlieb appeals.

On reviewing the evidence, we are satisfied that the finding of the court is supported. Appellees leased premises for which the rent sought to be collected in the action accrued to S. Levy & Co.

There was a firm of S. Levy & Co., formed in New York, composed of appellant and Sigfried Levy, and after the formation of said firm, said Sigfried Levy came to Chicago and leased the premises in the name of S. Levy & Co.; but it is contended that the S. Levy & Co. for whom he made the arrangement, was composed of himself and one Max Stein. Who were the members of the firm was not disclosed to appellees, and there was evidence tending to show Gottlieb Levy visited Chicago and so conducted himself as to confirm appellees in the supposition that he was a member of the Chicago firm, or rather that it was the New York firm of which he was admittedly a member, that was carrying on the Chicago business. The same kind of business was conducted by both houses and all the goods handled by the Chicago house were received from the New York house, and the stationery used by the Chicago house had printed on it, " S. Levy & Co., 84

State street, Chicago, Ills., factory, 95 Liberty street, New York."

Gottlieb admitted that he stated to customers that the Chicago house was a branch of the S. Levy & Co. of New York.

There were other circumstances in evidence tending to show that Gottlieb Levy was interested as a partner in the Chicago business, and that in fact, both the Chicago and New York houses were conducted by the same identical S. Levy & Co.

The finding of the court is therefore supported.  The judge in announcing his finding, stated that he would find against Gottlieb because he had estopped himself by his statements and conduct from denying that he was a member of S. Levy & Co. of Chicago.  Counsel contend that there was no evidence in the case that justifies the statement that said appellant was estopped, and in this contention we fully agree with counsel.  There were no circumstances giving rise to an estoppel.  The evidence tended to show that appellant was in fact a partner in the S. Levy & Co. of Chicago, but there was nothing in the case to estop him from denying it.  But the case is not to be reversed because the court gave a wrong reason for its judgment.

The grounds on which the court reached its conclusion as stated in the bill of exceptions, are not to be regarded on review, unless they are found in propositions of law held or refused.  Potter v. Gronbeck, 117 Ill. 404.

Where the review is confined to a question of fact we only inquire as to whether the evidence supports the finding.  We have seen that it does in this case, and the judgment must therefore be affirmed.                    *Judgment affirmed.*