Olson v. Peterson.

---

## Olson v. Peterson.

1.  NEGOTIABLE INSTRUMENTS.—The following instrument is not negotiable:

" $250.                                      CHICAGO, July 1, 1892.

To A. OLSON : This is to certify that L. L. Engstrom, contractor for the carpenter work of your house, is entitled to a payment of two hundred and fifty dollars, by the terms of the contract. This certificate is issued upon an application and affidavit, dated ——. —, 18—, and is made in accordance with the provisions of Sec. 35 of the law relating to subcontractors' liens, in force July, 1887.

Contract price.......................................... $3,590
Extra work............................................. 3,460
                                                         ———
Balance................................................ $ 130

CARL M. ALMQUIST,
Superintendent."

Memorandum.—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, A. D. 1893. Opinion filed May 11, 1893.

A statement of the facts is contained in the opinion of the court.

BLANKE & CHYTRAUS, attorneys for appellant.

FRANCIS T. MURPHY, attorney for appellee.

OPINION OF THE COURT, WATERMAN, J.

July 1, 1892, Carl M. Almquist gave to L. L. Engstrom a paper, of which the following is a copy:

" $250.00                           Chicago, July 1, 1892.

To A. Olson:

This is to certify that L. L. Engstrom, contractor for the carpenter work of your home, is entitled to a payment of two hundred and fifty dollars by the terms of the contract. This certificate is issued upon an application and affidavit dated ————, 18—, and made in accordance with the provisions of Sec. 35 of the law relating to sub-contractors' liens, in force July, 1887.

Contract price...................... $3,590 00
Extra work......................... 3,460 00
                                    _____
                             $ 130 00
          CARL M. ALMQUIST, Superintendent."

A. Olson thereafter placed his name on the paper, and Engstrom thereupon assigned and indorsed the same to appellee, who brought suit thereon, alleging in various counts that the said instrument was made by said Olson in consideration of work and labor for him done by Engstrom, and that thereby he, Olson, agreed to pay to the order of Engstrom the said sum of $250; that presentation of the same had been made to Olson, and he had refused to pay, etc.

Olson filed a general demurrer which was overruled, and judgment was thereupon entered for the plaintiff.

The certificate in question is not a negotiable instrument. It is not a draft or order made by Almquist upon Olson.

Almquist did not, in making it, assume any responsibility for payment either to Engstrom or any person into whose hands it might come.

It was and is but a mere certificate that Engstrom, contractor, is entitled to a payment of $250 "by the terms of the contract;" it does not even declare that Engstrom is entitled to that sum from Olson, or that this contract for the carpenter work of Olson's home was with Olson. Nor does it appear from the face of the instrument that Almquist had authority to make a certificate that should in any way bind or conclude Olson.

It may be that when Olson placed his name thereon, it then became his certificate that Engstrom is entitled to a payment of $250 " by the terms of the contract," but from whom, whether from Olson or a principal contractor, does not appear.

The instrument contains no words of negotiability; it is not an undertaking to pay, absolutely and in all events. Potter v. Gronbeck, 117 Ill. 404, 408; Kingsbury v. Wall, 68 Ill. 312; Canadian Bank v. McCrea, 106 Ill. 281, 288; McCaskill v. Connecticut Savings Bank, 60 Conn. 300.

The judgment of the Circuit Court is reversed.