## Frank Hahn v. Fred Gates.

1. AFFIDAVITS—*Should State Facts, Not Conclusions.*—An affidavit upon which a motion to vacate a judgment is based should state facts and not conclusions. The process of reasoning by which a party reaches a conclusion is a matter of no consequence.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

JOSEPH GRANICK, attorney for appellant.

F. L. SALISBURY, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

April 21, 1896, in a case wherein the appellee was plaintiff, and the appellant was defendant, then pending in the Circuit Court, upon a declaration in assumpsit and plea of non-assumpsit, the appellee recovered judgment by a trial *ex parte*.

The appellant moved to vacate and set aside the judgment, which motion the court denied June 9, 1896, holding that it had no jurisdiction to entertain the motion.

Whether it had such jurisdiction or not, we need not consider, if the denial of the motion was right upon the merits. The Supreme Court hold that it is no ground for reversing a judgment of this court that " bad reasons " are given. Penn. Co. v. Keane, 143 Ill. 172.

And in Potter v. Gronbeck, 117 Ill. 404, the Supreme Court held that the process of reasoning by which I had reached a conclusion was ." a matter of no consequence." And the principle is as applicable to a case where the court below under-estimates its own jurisdiction as to any other. Campbell v. Powers, 139 Ill. 128.

Now, the affidavit of the appellant upon which his motion was based, is stated in the abstract thus :

" Affidavit of Frank Hahn, defendant, who states that on the 1st day of August, 1895, he employed Joseph Granick, a practicing attorney, to attend certain cases for him then pending in the courts of this county. That he submitted a list of the cases in writing at said time to said Granick, among which were two or three cases which had been disposed of. He further states that he told his said attorney what cases had been disposed of, and that his attorney then and there marked the letter ' D ' opposite the same.

That among said cases was the case of Gates v. Hahn. He further states that the suit of said Gates was for an alleged balance claimed to be due him on a settlement of an account, material and labor, alleged to have been furnished and performed, and money alleged to have been advanced by the plaintiff to affiant, and for wages alleged to be due the plaintiff.

He further states that for some time previous to the commencement of this suit, he and plaintiff were in business as contractors. That he is not indebted in any amount to plaintiff, and that there is due from the plaintiff in this cause to affiant, both upon a note and an open account, the sum of $2,182.68, upon which nothing has been paid by plaintiff to affiant, as will appear by books of affiant, ready to be produced in court upon the hearing of this cause. He further states that he has a good and meritorious defense upon the merits to the whole of plaintiff's demand, and that it will be a great hardship upon him if said judgment is allowed to stand.

He further states that he is not at present a resident of the city of Chicago, and that the first notice he had that a judgment had been entered against him in said cause, was when he received a telegram from his attorney to that effect, and that he immediately came to Chicago, and prays the court to set aside said judgment and place said cause on the calendar for hearing."

The affidavit of Granick corroborated that of the appellant as to what had happened between them.

This only shows negligence by the appellant.

What is the real state of accounts between the parties is not set out, only his own conclusions. Treftz v. Stahl, 46 Ill. App. 462; Hitchcock v. Herzer, 90 Ill. 543, and case next preceding it.

No sufficient cause to set aside the judgment was shown, and it is affirmed.