## J. J. Russell v. Alice M. Lake.

1. PRACTICE—*Refusing to Admit Evidence—When Sufficient to Reverse the Judgment.*—Before a judgment can be reversed for rejecting evidence, the offer of the evidence must be so specific as to put the court in the wrong in refusing to admit it.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

M. V. GANNON, attorney for appellant.

R. GILRAY, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case got into the Circuit Court by appeal from a justice, but the abstract gives us no further information on that subject.

The appellee claimed from the appellant, as one of a firm, $60 for wages. The only question argued in the brief of the appellant is upon the matter stated in the abstract, thus:

"Whereupon plaintiff closed his case, and the court refused to hear any evidence for the defense, and said that these orders having been obtained upon notice was *res adjudicata;* to which ruling of the court counsel for the defendant then and there duly excepted; which exception was overruled; upon which defendant offered to show that plaintiff was notified by defendant Russell of the termina-

tion of the agreement between the said parties, and of his purpose not to pay out any salary in her behalf; and said notification was given before any of the indebtedness in suit occurred; which offer was refused by the court; to which said refusal defendant, by his counsel, then and there duly excepted."

We need not consider whether the court was right or wrong upon the *res adjudicata*. Before a judgment can be reversed for rejecting evidence, the offer of the evidence must be so specific as to put the court in the wrong in refusing to admit it. What " parties " were referred to in the offer, is left to inference.

That is not enough. Gaffield v. Scott, 33 Ill. App. 317.

As the action of the court is not shown to have been erroneous, the reason assigned for such action is immaterial. Hahn v. Gates, 67 Ill. App. 596.

The judgment is affirmed.