William P. Merrihew, Executor, etc., v. Chicago City Ry. Co.

1. RECOVERY—*Of Damages Intermediate an Injury and Death.*—Where the death of an injured party, pending suit, results from the injury declared upon, there can be no recovery by his personal representatives on account of damages intermediate the injury and his death.

2. SURVIVAL OF ACTIONS—*Under the Act Relating to the Administration of Estates.*—The right of action which survives under section 123, chapter 3, R. S., relating to the "Administration of Estates," is that for injuries which do not result in the death of the injured party, but where his death results from other causes.

3. SAME—*Under the Act of February 12, 1853—Injuries.*—The act of February 12, 1853, entitled "Injuries" (Laws 1853, 97), giving an action to the personal representatives of a deceased party whose death has been caused by the wrongful act, neglect or default of another, and the act, neglect or default is such as, if death had not ensued, would have entitled the injured party to maintain an action for damages in respect thereof, is confined to cases where the death ensues from the wrongful act, etc., complained of, and does not extend to cases where the death ensues from other causes.

4. JOINDER OF ACTIONS—*For Injuries, etc.*—There can not be a union of a cause of action commenced by a deceased person in his lifetime for injuries to his person, which survives under the act of 1872, with an action given by the statute for the benefit of his family.

**Action on the Case.**—Death from negligent act. Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed December 18, 1900.

CRATTY, JARVIS & CLEVELAND, attorneys for plaintiff in error, contended that there was sufficient evidence upon the question of the defendant's negligence to require the

case to be submitted to the jury on that issue.    North Chicago Street Ry. Co. v. Zeiger, 78 Ill. App. 463; affirmed by the Supreme Court, 182 Ill. 9.

Whether or not the injury to Postens was the proximate cause of his death was a question of fact which should have been submitted to the jury under all the evidence. Modern Woodmen v. Davis, 84 Ill. App. 439; East St. Louis, etc., R. R. Co. v. Dwyer, 41 Ill. App. 522; Western & A. R. Co. v. Bass, 30 S. E. Rep. 874, 876; Brashear v. Philadelphia Traction Co., 36 Atl. Rep. 914, 916; C. & E. I. R. R. Co. v. Beatty, 40 N. E. Rep. 753, 754; Purcell v. Laurer, 43 N. Y. S. 988; Hoehle v. Allegheny Heating Co., 40 W. N. C. 553, 557.

If Postens' injury was not the cause of his death, the plaintiff in error had the right, as Postens' personal representative, to be substituted in the pending suit, and to continue it to recover damages resulting to Postens from the injury.    Chicago & E. I. R. R. Co. v. O'Connor, 119 Ill. 586; Hurd's Statutes, Chap. 3, Sec. 123, and Chap. 1, Sec. 10.

If the injury was the cause of Postens' death, the plaintiff, as his personal representative, had the right to be substituted as plaintiff in the pending action, and to continue it to recover the damages intermediate the injury and the death for the benefit of his estate generally, and the damages resulting from his death for the benefit of the next of kin.    Hurd's Statutes, Chap. 1, Sec. 10; Chap. 3, Sec. 123, and Chap. 70; Cooley on Torts, 2d Ed., top page 309, star page 264; Holton v. Daly, 106 Ill. 131; Chicago & E. I. R. Co. v. O'Connor, 119 Ill. 586; Brown v. Chicago & N. W. Ry. Co., 44 L. R. A. 579 (Wis.), and note; Birch v. P. C. C. & St. L. R. R. Co., 30 Atl. Rep. (Pa.) 826; Bowes v. City of Boston (Mass.), 29 N. E. Rep. 633; Hill v. Pennsylvania R. Co. (Pa.), 35 L. R. A. 196, and note; L. & N. Ry. Co. v. McElwain, 34 L. R. A. (Ky.), 788, and note; Sweetland v. Chicago & Gt. T. Ry. Co., 43 L. R. A. 568 (Mich.), and note; Lubrano v. Atlantic Mills, 34 L. R. A. 797, and note.

Although the injury was the cause of Postens' death, and even if the plaintiff was not entitled to recover the damages

intermediate his injury and death, still he had the right to be substituted in the pending action and continue it for the purpose of recovering the damages resulting from Postens' death to his next of kin. Hurd's Statutes, Chap. 1, Sec. 10; Chap. 3, Sec. 123, and Chap. 70; Holton v. Daly, 106 Ill. 131.

The question whether there was a misjoinder of counts was not before the trial court and is not before this court, because there was no demurrer to the whole declaration. 1 Chitty on Pleading, 11th Am. Ed. by J. C. Perkins, star page 206, citing Kingdon, Executrix, etc., v. Nottle, 1 Maule & Selwin's Reports, 355.

If that question were before the court, still the counts of the amended declaration were properly joined. Ranney, Administrator, v. St. J. & L. C. R. R. Co., 64 Vt. 277; Preston, Adm'r, v. St. J. & L. C. R. R. Co., 64 Vt. 280; Vermont Statutes, 1894, Chap. 118, Secs. 2451 and 2452, and Chap. 65, Sec. 1231; Hurd's Statutes, Chap. 70, and Chap. 110, Sec. 58a to 58c, inclusive; Clairain v. Western Union Telegraph Co., 3 So. Rep. 625, 626; Curley v. Illinois Central R. R. Co., 6 So. Rep. 103; Williams v. Pope Mfg. Co., 24 So. Rep. 779; Helmuth v. Bell, 150 Ill. 263, 267; Andrews' Stephen on Pleading, Secs. 151, 153.

It is immaterial to the defendant for whose use or benefit the suit is brought. The only question which concerns him is in whom the legal right to sue is vested. Northrup v. McGee, 20 Ill. App. 108; Morse v. Goetz, 51 Ill. App. 485; Larson v. Laird, 36 Ill. App. 402; Tedrick v. Wells, 152 Ill. 214, 217.

The court should have submitted to the jury the question whether the injury was the cause of Postens' death.

There can be no doubt that if the injury was not the proximate cause of the death, the plaintiff was entitled to recover the damages intermediate the injury and death, and the court erred in directing a verdict for the defendant. Chicago & Eastern Ill. R. R. Co. v. O'Connor, 119 Ill. 586.

Whether the injury was the proximate cause of death is a question of fact for the jury, under all the evidence.

As whether the deceased died from alcoholism, although the doctor testified that was the cause of death.   Modern Woodmen v. Davis, 84 Ill. App. 439.

So also where deceased was injured by a jackscrew and died of erysipelas.   East St. Louis, etc., R. R. Co. v. Dwyer, 41 Ill. App. 522.

The lapse of time between the injury and the death is a circumstance to be considered by the jury in connection with the other evidence in the case; and where a considerable period has elapsed between the injury and the death the proof should be clear and strong that the injury was the proximate cause of the death.   Western & A. R. Co. v. Bass, 30 S. E. Rep. 874, 876.

Wm. J. Hynes and Lawrence A. Young, attorneys for defendant in error, Mason B. Starring, of counsel, contended that under the common law there was no right of action vested in anybody to recover damages for a wrongful act, default or miscarriage resulting in the death of the person injured.   Louisville Ry. Co. v. McElwain, 34 L. R. A. 788.

In England, by what is known as " Lord Campbell's Act," such a right of action was created by act of parliament, for the benefit of the widow and next of kin of the deceased, whenever the wrongful act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof.   In this State, by an act of the legislature, February 12, 1853, " Lord Campbell's Act " was substantially adopted as follows :

" An Act requiring compensation for causing death by wrongful act, neglect or default :

" Section 1.   Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to

an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

Sec. 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of $5,000; provided, that every such action shall be commenced within two years after the death of such person." (Hurd's Statutes, 1897, Ch. 70.)

This right of action created by statute is an entirely separate and distinct right of action from the common law right of action in the person injured to recover damages for the personal injuries; although both rights of action arise from and are based upon the same ground of action, *i. e.*, the same wrongful act, default, or miscarriage. Leggott v. Great Northern Ry. Co., 1 Q. B. Div. 599; Reed v. Great Eastern Ry. Co., L. R. 3; Q. B. 555; Seward v. The Vera Cruz, 10 App. Cases, 59; Whitford v. The Panama R. R. Co., 23 N. Y. 465; Littlewood v. Mayor, etc., 89 N. Y. 24; McCarthy v. Railroad Co., 18 Kan. 46; Hulbert v. City of Topeka, 34 Fed. Rep. 510; Russell v. Sunbury, 37 Ohio St. 372; Needham v. Grand Trunk Ry. Co., 38 Vt. 294; Legg v. Briton, 64 Vt. 652; Western & A. R. Co. v. Bass (Ga.), 30 S. E. Rep. 874; Lake Shore Ry. v. Hessions, 150 Ill. 546; St. Luke's Hospital v. Foster, 86 Ill. App. 282.

At common law all rights of action *ex delicto* became extinguished by death, and in the case of injuries to the person, " if either party, who received or committed the injury, die, no action can be supported either by or against the executors or other personal representative." 1 Chitty's Pleadings, 68; Broom's Legal Maxims, 909.

"Lord Campbell's Act" above mentioned, in nowise, by

terms of implication, professes to change the common law in respect to the abatement, by death, of a right of action in the injured person during his lifetime, or to survive any right of action vested in him, and which he might have enforced during life. Whitford v. The Panama Ry. Co., 23 N. Y. 465; Brown v. C. & N. W. Ry. Co. (Wis.), 44 L. R. A. 579; Seward v. The Vera Cruz, 10 Appeal Cases, 59; Mason v. Union Pac. Ry. Co., 24 Pac. Rep. (Utah), 796; Hurst v. Detroit City Ry. Co., 84 Mich. 539; Littlewood v. Mayor, etc., 89 N. Y. 24; Sweetland v. C. & G. T. Co. (Mich.), 43 L. R. A. 568; McCarthy v. C., R. I. & P. R. R. Co., 18 Kan. 46; S. E. Rep. 26 Am. Rep. 742; Lubrano v. Atlantic Mills, 19 R. I. 129; Holton v. Daly, 106 Ill. 131; C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 586; Hulbert v. City of Topeka, 34 Fed. R. 510; Louisville, etc., Ry. Co. v. McElwain (Ky.), 34 L. R. A. 788.

By an act of the legislature, passed in 1872 (Chap. 3, Sec. 123, R. S.), it was enacted that "in addition to the actions which survive by common law, the following shall also survive. * * * Actions to recover damages for an injury to the person." It is under and by virtue of this statute only, that an administrator or executor of a deceased person's estate can enforce a right of action vested in the deceased during his lifetime, for "an injury to his person." (Cases above cited.)

The foregoing act providing for the survival of actions in certain cases does not contemplate, and does not include actions for injuries to the person where such injuries result in death; but only actions for injuries where the person injured dies from some other cause than the injuries. In such case his right of action for damages is transmitted by the statute to his estate, and may be enforced by his administrator in whom is vested by law the legal title to his personal assets. Holton v. Daly, 106 Ill. 131; C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 586; McCarthy v. C., R. I. & P. R. R. Co., 18 Kan. 46; Lubrano v. Atlantic Mills, 19 R. I. 129; Sweetland v. C. & G. T. Co. (Mich.), 43 L. R. A. 568; Per Ch. J. Long's concurring opinion. Louisville, etc., Ry. Co.

v. McElwain (Ky.), 34 L. R. A. 788; Littlewood v. Mayor, etc., 89 N. Y. 24; Reed v. Great Eastern Ry. Co., L. R. 3; Q. B. 555; Connor v. Paul, 12 Bush (Ky.), 145; Andrews v. Hartford, etc., Ry. Co., 34 Conn. 57; Martin v. Mo. P. R. R. Co., 58 Kan. 475; Hulbert v. City of Topeka, 34 Fed. Rep. 510.

It follows, therefore, that in case the person injured dies from his injuries, whatever right of action he had to recover damages for such injuries, dies with him, and the common law rule obtains, so far as his estate is concerned, that there is no right of action for a wrongful act producing death. (Cases above cited.)

There can not be two recoveries for the same wrongful act. If Postens died as a result of the injuries, the act of February 12, 1853, exclusively applies; if he did not die as a result of the injuries, the act of 1872, providing for the survival of actions, applies. (Cases cited above.)

Defendant's demurrers to the counts of plaintiff's amended declaration, which alleged that Postens died as a result of the injuries, were properly sustained by the court. Holton v. Daly, 106 Ill. 131; Hurst v. Detroit City Ry., 84 Mich. 539; Mason v. Union Pac. Ry. Co. (Utah), 24 Pac. Rep. 796; Hulbert v. City of Topeka, 34 Fed. Rep. 510; Gould on Pleading; Walker v. Sawyer, 13 N. H. 191; Willard v. Stevens, 24 N. H. 276; Leggott v. Great Northern Ry. Co., 1 Q. B. Div. 599; 1 Am. & Eng. Ency. of Law (1st Ed.), 180.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

Edward Postens, now deceased, began a suit in his lifetime, against the defendant in error, to recover damages for an injury received by him on August 22, 1895, by reason of the alleged negligence of defendant in error. April 9, 1898, Postens died. On the date of his death the cause stood with a plea of the general issue to the declaration. Postens' death was suggested, and the plaintiff in error, as executor of his last will and testament, was substituted in his place as plaintiff in the case. Afterward the plaintiff

in error filed an amended declaration, consisting of twelve counts, in which the negligence of the defendant was stated in various ways, but substantially as in the original declaration filed by Postens.

In eight of the counts, claim was made for damages on account of the pain and suffering of Postens, his loss of time in his business, his expenses for medical attendance, etc., but there was no claim made in those counts for the loss to the next of kin of Postens resulting from his death, and to those eight counts the defendant pleaded the general issue.

In the four remaining counts, claim was made for damages to the next of kin of Postens resulting from his death, but nothing was claimed in those four counts on account of the loss, etc., claimed in the eight counts first spoken of, and to these four counts a demurrer was sustained.

The case thereupon went to trial on the said eight counts to which the defendant had pleaded the general issue. At the close of the plaintiff's case the court, on motion of the defendant, directed a verdict for the defendant, on the ground that it appeared without any contradiction that the death was the result of the injuries complained of. On the other question, of the negligence of the defendant, a fair case may be said to have been made out for the jury to pass upon, but the evidence being plain, as said, that Postens' death was the result of the injuries declared upon, the whole case was taken from the jury. The real question, therefore, before us for review, is, had the plaintiff the right, he having been substituted in the pending action, to continue the suit and recover therein the damages intermediate the injury and the death, for the benefit of Postens' estate generally, and the damages resulting from his death, for the benefit of the next of kin.

If the injury had not been the proximate cause of Postens' death there might have been a recovery by the plaintiff as his executor, notwithstanding Postens' death pending the suit, for the same injuries that Postens might himself have recovered for had he lived. This was so, contrary to the common law rule, because of section 123, chapter 3, of

the act of 1872, entitled "Administration of Estates," whereby certain actions for personal injuries are made to survive. Chicago and Eastern Illinois Railroad Co. v. O'Connor, 119 Ill. 586.

But if the death of the injured party has resulted from the same injury that is declared upon, there can be no recovery by his personal representative on account of damages intermediate the injury and the death. Holton v. Daly, 106 Ill. 131.

The right of action that survives under the act last referred to is for injuries that do not result in the death of the injured party, but his death ensues from some other cause. Ibid.

The act of February 12, 1853 (Secs. 1 and 2, Ch. 70, entitled Injuries), giving an action to the personal representative of a deceased person whose death has been caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the injured party to maintain an action and recover damages in respect thereof, is confined to cases where the death ensues from the wrongful act, etc., complained of, and does not extend to cases where the death ensues from other causes. It is a right of action that was not known to the common law, but was created by the statute for securing to the widow and next of kin "compensation for causing death by wrongful act," etc., as expressed in the title of the act; and the measure of damages that the wife and next of kin may recover is the pecuniary injuries resulting to them from the death, and not for the injuries personal to the injured party. The Supreme Court has, in its opinion in the last cited case, reviewed both acts referred to, and we regard the question as settled by that case, notwithstanding the argument of the plaintiff in error to the contrary.

Here, upon clear and uncontradicted evidence to the effect that Postens' death resulted from the wrongful act complained of, the court directed a verdict for the defendant, and in our opinion acted rightly in that respect. This

determined the question of whether Postens' death was the result of the injuries he had sued for, and substantially ended the case. The ground for this is that when, in the action, that survived under the act of 1872, it is established that the death has resulted from the injuries declared upon in that suit, the entire right of recovery is included in the action for the death, given by the act of 1853 for the benefit of the family.

There could not be a union of the cause of action begun by Postens for injuries personal to himself, and which under the act of 1872 survived, with the cause of action given by the statute for the benefit of his family. As said in Holton v. Daly, *supra*, "It is not to be presumed it was intended (by the acts referred to) there should be two causes of action, in distinct and different rights, by the same party plaintiff for the same wrongful act, neglect or default." If the rule announced in Holton v. Daly is to be modified in any respect it is for the Supreme Court, and not for us, to do. The judgment of the Circuit Court will be affirmed.