## Annie Thomas, Adm'x, etc., v. The Star and Crescent Milling Co.

1. EVIDENCE—*Stipulation that Bill of Exceptions May Be Read in Evidence Does Not Admit a Copy of It.*—A stipulation entered into between counsel that the bill of exceptions, in which appears the testimony of the respective witnesses of plaintiff and defendant, may be read

in evidence, can not properly be extended to cover a copy of the bill of exceptions, in the absence of evidence tending to show that the bill of exceptions has been lost or could not be found.

2. PRACTICE—*Directing Verdict for Defendant.*—Where, in an action for personal injuries, there is adduced at the trial no competent, admissible, evidence of negligence, the court should instruct the jury to find for the defendant.

3. JOINDER OF ACTIONS—*For Injuries.*—There can not be a joinder of a cause of action commenced by a deceased person in his lifetime for injuries to his person, which survives under the act of 1872, with an action given by the statute for the benefit of his family.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 11, 1902.

BASTRUP & O'NEILL, attorneys for appellant.

C. M. HARDY, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

An action of trespass on the case was brought in the latter part of 1884 by John C. Thomas against the Star and Crescent Milling Company. The action was brought to recover for injuries sustained by him on account of the alleged negligence of appellee. Two trials were had and one judgment for said John C. Thomas was, on appeal, reversed by the Appellate Court. John C. Thomas thereafter died, on the 3d day of September, 1888, and letters of administration were issued to Annie Thomas, his widow. The death of the plaintiff, John C. Thomas, was suggested on the record of the Superior Court September 16, 1889, and leave given to "substitute Annie Thomas, administratrix of the estate of John C. Thomas, deceased, as plaintiff herein."

An amended declaration was filed by leave of court September 23, A. D. 1889, by Annie Thomas, administratrix of the estate of John C. Thomas, deceased. The amended declaration contained the identical counts in the original and amended declarations, filed by John C. Thomas during

his lifetime, but claimed damages to his widow and next of kin for his injuries, instead of for his pains and sufferings, as in the original declaration.

A rule was entered requiring the defendant to plead thereto, and by leave of court the plea of the general issue already on file was ordered to stand to the declaration filed by the administratrix.

The following stipulation had been entered into :

STIPULATION : "It is hereby stipulated between counsel that the bill of exceptions in above cause, in which appears the testimony of the respective witnesses of plaintiff and defendant, may be read in evidence, each party reserving the right to object to any incompetent testimony as though the witness were personally under examination on the stand.

Ww. HOYNES and JOHN GIBBONS, att'ys for pl'ff.
FRANCIS ADAMS, att'y for def't."

At the last trial plaintiff, by her attorney, proceeded to read the evidence from the transcript of the record filed by defendant in the Appellate Court on October 4, 1887.

To the reading of this the defendant objected because the stipulation was that testimony might be read from the bill of exceptions, not from the transcript of the record. This objection was overruled, and substantially all of the plaintiff's evidence was read from such transcript.

We do not think that the stipulation could properly be extended to cover a copy of the bill of exceptions. The records of the Appellate Court may be proven by a copy thereof certified under the hand of the clerk having the custody thereof and the seal thereof. Sec. 13, Chap. 51, R. S.

It was not made to appear that the bill of exceptions was in the custody of the clerk of the Appellate Court or had ever been there. Nor under the stipulation was a record of the Appellate Court or any portion thereof admissible. It may be that if the bill of exceptions had been shown to have been lost, its contents might, under the stipulation, have been proven in any manner consistent with the rules of evidence, one of which would have been the production of a copy, with due proof that such it was.

No evidence was introduced tending to show that the bill

of exceptions has been lost or could not be found. There was adduced at the trial no competent, admissible, evidence of negligence. Under such circumstances the court should, as it did, have instructed the jury to find for the defendant. Whether the instruction of the court was for this reason or another is immaterial. Potter v. Gronbeck, 117 Ill. 404–409; Hahn v. Gates, 67 Ill. App. 596–597; Campbell v. Powers, 139 Ill. 128–135.

It is manifest that John C. Thomas had at no time the cause of action alleged in the declaration filed by appellant. His cause of action was for injuries sustained by and damage accruing to him; he might have recovered for pain and suffering by him endured; whatever had been recovered by him would have belonged to him and been assets that might have been reached by his creditors.

His administratrix, in the declaration filed by her, claims only for damages accruing to his widow and next of kin as a result of his death. Such cause of action had no existence until he died. Whatever might have been recovered therein would have belonged, not to his estate—his creditors would have had no claim thereon—but entirely to the widow and next of kin, who had been pecuniarily damaged by his death.

Such actions can not be joined in one suit. The cause of action in one is not that of the other; the damages recoverable are determined by dissimilar considerations, and belong to parties having no relation to each other. For these reasons the actions can not be joined. Merrihew v. Chicago City Ry. Co., 92 Ill. App. 346; Holton v. Daly, Adm'x, 106 Ill. 131; Chicago & Eastern Ill. Ry. Co. v. O'Connor, 119 Ill. 586.

Appellant should not, upon her application, have been substituted as plaintiff and thereafter allowed to prosecute in that suit a cause of action which had no existence, neither accrued nor came into being, until nearly four years after that suit was begun.

The course of proceeding upon the trial was such as to indicate that appellant did not rely upon the alleged cause

of action for which the suit was begun, but upon that created by the death of John C. Thomas, as a result of injuries occasioned by negligence imputed to appellee. Much of the evidence was applicable to either cause of action.

For the lack of evidence, properly admissible, to sustain either of the actions, the judgment of the Superior Court is affirmed.