## Charles W. Pease, Administrator, Plaintiff in Error, v. Rockford City Traction Company, Defendants in Error.

### Gen. No. 6,330.

1. ABATEMENT AND REVIVAL, § 2*—*what is rule at common law as to survival of actions for personal injuries.* At common law a party injured by the negligence of another had a right of action against him for pain, suffering, expense of being healed, loss of time, and permanent injury from the negligent act, which action did not survive.

2. ABATEMENT AND REVIVAL, § 2*—*when action for personal injuries survives under statute.* Under section 123 of the Act of April 1, 1872, in regard to administration of estates (J. & A. ¶ 172), a common-law right of action because of negligence survived to the personal representative of a party injured thereby if his death was not due to such injury, but nothing could be allowed for his death.

3. ABATEMENT AND REVIVAL, § 54*—*when right of action for death survives in favor of personal representative.* If a party's death was due to an injury from another party's negligence, his right of action because of such injury would abate, but by the Act of 1853, now chapter 70 of the Revised Statutes (J. & A. ¶ 6184 et seq.), a new cause of action would be given to the personal representative of such party for the benefit solely of his widow and next of kin.

4. DEATH, § 38*—*when administrator may not amend declaration in action for personal injuries commenced by deceased.* The administrator of a party whose death was due to an injury from another party's negligence cannot so amend the declaration in an action brought by the deceased to recover damages for such injury as to recover in such action because of such party's death under section 70 of the Revised Statutes (J. & A. ¶ 6184 et seq.).

5. ABATEMENT AND REVIVAL, § 101*—*when judgment of dismissal is erroneous.* Where an action to recover damages for injuries because of another party's negligence brought by the injured party was dismissed after his death of such injuries and after an amended declaration had been filed in such action by such party's administrator under section 70 of the Revised Statutes (J. & A. ¶ 6184 et seq.), seeking to recover for death, held that such dismissal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was erroneous and that the judgment should have been that the defendants go hence without day or that plaintiff take nothing by his suit.

6. APPEAL AND ERROR, § 1078*—*when cross. errors are essential.* Cross errors should be assigned by defendant, appellee, as to the action of the court in dismissing an action for personal injuries brought by a deceased person, after an amended declaration is filed by plaintiff's administrator in such action, seeking to recover for death under Rev. St. sec. 70 (J. & A. ¶ 6184 *et seq.*), in order that the question of whether the defendant is entitled to a judgment in bar may be decided in his favor.

Error to the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

ROY F. HALL, for plaintiff in error.

R. K. WELSH, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Warren W. Pease sued the Rockford City Traction Company and the Rockford & Interurban Railway Company and filed a declaration in which he alleged that he had been injured by their negligence, and he sought to recover for his pain and for his expenses in being cured and for his loss of time. Afterwards he died. An administrator of his estate was appointed, and the papers were so amended as to substitute him as plaintiff. The administrator filed an amended declaration containing four counts. He afterwards dismissed the first three counts. The court struck the fourth count from the declaration and afterwards dismissed the suit. It is not necessary to state the allegations of the first three counts of the amended declaration, because the administrator voluntarily abandoned them. The fourth count set out that Warren W. Pease was injured by the negli-

gence of the defendants, and that he died as the result of said injury, and left surviving him next of kin who had been deprived of their means of support, and that Charles W. Pease had been appointed administrator. The defendants filed the general issue, and afterwards withdrew that plea and moved to strike said fourth count from the declaration, and that motion was granted. The main question is whether such a declaration by the administrator could be properly filed in a suit commenced by deceased in his lifetime.

1. At common law if one were injured by the negligence of another, the injured party had a right of action against the other for his pain and suffering, expense of being healed, loss of time, and permanent injuries resulting from the negligent act or omission. This action did not survive.

2. Since the act in regard to the administration of estates, approved April 1, 1872, went into force, section 123 (J. & A. ¶ 172) thereof as construed by the Supreme Court in connection with other statutes makes the foregoing right of action at common law survive to the personal representative of the party injured, if his death is not due to the injury. The recovery is for the benefit of the estate, and inures to the creditors of the estate and then to their heirs at law or legatees of the deceased.

3. If the death was caused by the injury, the right of action which the injured person had abates. By the Act of 1853 which became chapter 70 of the Revised Statutes of 1874 (J. & A. ¶ 6184 et seq.), and has since been amended, a new cause of action was given to the personal representative of a person whose death was caused by such an injury, and the recovery was solely for the benefit of the widow and next of kin, and the measure of recovery was a fair and just compensation for the pecuniary injuries resulting to the widow and next of kin from such death.

In the action first above described, the recovery is for the loss to the party injured. Even where the action survives, as described in the second foregoing paragraph, the recovery is only for what the deceased could have recovered if he had not died, and nothing can be allowed for the death. (*Savage v. Chicago & J. Elec. Ry. Co.*, 238 Ill. 392.) In the action described in the third paragraph above, it is the death caused by such injury which first gives a right of action, and then only where deceased left a widow or next of kin or both who suffered pecuniary injury because of such death. The damages begin to accrue after the death. These damages do not accrue for the benefit of the creditors of the deceased nor to legatees to whom he may have willed his personal estate, but only to his widow and next of kin.

Counsel have discussed many cases. There is language in some of the earlier decisions which seems to give color to the position taken here by plaintiff, but in our view of the question the principles laid down in the recent cases of *Prouty v. City of Chicago*, 250 Ill. 222, and *Ohnesorge v. Chicago City R. Co.*, 259 Ill. 424, are decisive and controlling in support of the judgment of the court below. Under these authorities, and the allegations of the fourth additional count, the cause of action for which this suit was brought abated when Warren W. Pease died because of said injuries, and the cause of action stated in the fourth additional count did not arise until he died because of such injuries, leaving a widow and next of kin who were injured in a pecuniary way by his death. As the cause of action for which this suit was begun by Warren W. Pease abated at his death, and as the new cause of action stated in the fourth additional count did not arise until his death, we are of opinion that this new cause of action cannot be ingrafted upon the original suit or recovered for therein. This con-

clusion is supported by *Merrihew v. Chicago City Ry. Co.*, 92 Ill. App. 346; *Thomas v. Star & C. Milling Co.*, 104 Ill. App. 110; *Staunton Coal Co. v. Fischer*, 119 Ill. App. 284; and *Harkin v. Ferro Concrete Const. Co.*, 185 Ill. App. 239.

The judgment should have been that defendants go hence without day, or that plaintiff take nothing by his suit, or both. Instead, the judgment was a dismissal of the suit, which does not bar another action. Defendants were entitled to a judgment in bar, but have not assigned cross errors. The judgment dismissing the suit is a final judgment and we therefore let it stand. The judgment awarded execution against the administrator. This was error. A supplemental record, filed here, shows that this error has since been corrected in the court below. The judgment is therefore affirmed.

*Affirmed.*