442

## BOSTON STORE OF CHICAGO, Inc. v. NEWBURY et al.

### No. 47 C 480.

United States District Court
N. D. Illinois, E. D.
Nov. 26, 1948.

Pam, Hurd & Reichmann, of Chicago, Ill. and Richardson Dilworth and Harold E. Kohn, both of Philadelphia, Pa., for plaintiff.

Walter H. Moses, Walter Bachrach and Moses, Bachrach & Kennedy all of Chicago, Ill., for defendants.

SHAW, District Judge.

The question of the jurisdiction of this Court has been timely raised, fully briefed and argued, and has been accepted by the Court as a separate preliminary issue without regard to the merits of the case. Without waiting for a decision on this point, the parties have taken nearly 4,000 pages of testimony by depositions and have produced about 400 exhibits. It is apparent to the Court that it is to the best interests of the parties themselves to require a decision on this point. Since jurisdiction cannot be conferred by agreement, nor by waiver, and it might be raised even after judgment on appeal, I have felt bound to decide this question promptly and before any further expensive litigation has been incurred. I am also impelled to this decision by a realization of the fact that a decision on this point would permit the parties a prompt and reasonably inexpensive appeal if they so desire without eventually taking up what has started out to be an enormous record.

In acting on this matter I have not considered any evidence at all, but only taken into account the pleadings with the exhibits attached thereto and the admissions of the parties from the pleadings. In this short memorandum I will not attempt to review the details of the contract which appear fully from the pleadings, but only such parts thereof as I consider necessary for arriving at my conclusion.

These facts, so far as I consider them material, are as follows:

In selling the stock of the Boston Store of Chicago (along with about $10,-000,000 or $11,000,000 worth of other property not here in controversy), Mrs. Newbury dealt only with Edgar L. Schnadig, a resident of Illinois, as an individual and not in any corporate capacity whatever. That contract provided for the payment of $2,000,000 at the time of closing the transaction, with a further reciprocal covenant under which Schnadig agreed to pay more if the sum was too little, and Mrs. Newbury agreed to reimburse Schnadig if it turned out that the payment would be too large. These were personal reciprocal covenants and to the extent of them each party gave personal trust, confidence and credit to the other party and to no one else. The contract also provided for the appointment of disinterested arbitrators to iron out any differences that might arise while taking the necessary inventory of the Boston Store and in this covenant the parties each reposed personal trust and confidence in the other to act fairly and justly in the selection of arbitrators. This was also a reciprocal agreement of personal trust and confidence. All of this long agreement, which is printed and attached to the complaint, was reduced to writing in the most solemn form possible and was signed and sealed by the parties to it, and under the Parol Evidence Rule and all known rules of law is conclusively presumed to express the entire agreement between the parties up to that time.

Schnadig assigned a part of this contract to one group of persons, another part to another group, but in each of those assignments expressly reserved to himself that part of the property here in controversy, and that part which he retained was used by him in acquiring stock, stock rights, a contract for personal service and otherwise in connection with the shuffling about of Delaware corporations so as to result in the formation of the plaintiff herein. His dealing with the contract and with the attorney for Mrs. Newbury in connection with the directing of transfers of property shows that he dealt with the entire contract as his individual property. This conclusion of law became irrebuttable when he attached his personal oath to the original complaint stating that he had assigned this contract to the plaintiff.

This allegation under oath was not wiped out when the plaintiff shifted its ground by filing an amended complaint in which it alleged that Schnadig, in making the contract with Mrs. Newbury, acted as a disclosed agent for the plaintiff herein, nor is the legal effect of the contract in any way modified by the allegation that Mrs. Newbury at all times knew that there was a principal who was going to finance the operation. Any knowledge of the intentions of Schnadig that may have been

in the mind of Mrs. Newbury or her attorneys prior to the signing of the contract is effectually barred from our consideration by the Parol Evidence Rule which prevents any evidence of what the parties had in mind or what they knew or didn't know prior to the signing and sealing of the written instrument. All of those things are conclusively presumed to have been included in the written instrument.

■ Without attempting to review all of the authorities for a rule of law that is plain and undisputable it should be pointed out that at least since 1886 and probably since a much earlier time it has been the law of Illinois that a written instrument dependent on extrinsic proof before it becomes a binding obligation for the payment of money is not assignable; that a cause of action on such instrument cannot be split. Potter v. Gronbeck et al., 117 Ill. 404, 7 N.E. 586.

■ Neither can there be any serious dissent from the law, as stated by Mr. Justice Gray in Board of Commissioners of Delaware County, Indiana, v. Diebold Safe & Lock Company et al., 133 U.S. 473, 10 S.Ct. 399, 404, 33 L.Ed. 674, as follows: "A contract to pay money may doubtless be assigned by the person to whom the money is payable, if there is nothing in the terms of the contract which manifests the intention of the parties to it that it shall not be assignable. But when rights arising out of contract are coupled with obligations to be performed by the contractor, and involve such a relation of personal confidence that it must have been intended that the rights should be exercised, and the obligations performed, by him alone, the contract, including both his rights and his obligations, cannot be assigned without the consent of the other party to the original contract."

The parties have cited various cases concerning suits on negotiable instruments which are obviously inapplicable. The thing that makes a negotiable instrument negotiable is the very fact that it is a wide-open promise to pay to any one who may have lawfully obtained it by endorsement. If it is not payable to order or to bearer it is not a negotiable instrument. They cited other cases which are clearly inapplicable, because not having any reciprocal promises or not requiring any future inquiry or evidence to determine liability or amount of payment, or because they contain no element of personal trust and confidence. The distinctions are so clear that I will not notice them further.

■ The case at bar contains those elements which, in my opinion, make it nonassignable so far as Mrs. Newbury is concerned. First, there can be no liability to pay from either party to the other without extrinsic evidence to determine both the liability and the amount which brings it under Potter v. Gronbeck, supra, and in the second place the rights of each of the parties arising out of the contract are reciprocal, as each party receives rights and each party assumes obligations. In the third place, the contract is one of personal trust and confidence. Mrs. Newbury trusted Schnadig to pay her the excess if the $2,000,000 payment was insufficient, and Mr. Schnadig trusted Mrs. Newbury to return the excess to him if that payment proved to have been too large. Thus each of them trusted the other to the extent of very large sums of money in the paying and receiving of the $2,000,000 down payment. In the fourth place, each trusted the other to deal fairly in the making of an inventory and, if necessary, the selection of arbitrators. All of these points bring the contract squarely within the long line of decisions headed by Board of Commissioners of Delaware County, v. Diebold Safe & Lock Company, supra.

■ Inasmuch as Schnadig and Mrs. Newbury are both residents of Illinois and, in my opinion, Schnadig was a necessary and indispensable party, I am compelled to find that this court is without jurisdiction and that the only power I have in this matter is to enter a judgment dismissing the case for want of jurisdiction, which will be done.