CHARLES C. HOLTON

*v.*

MARY DALY, Admx.

*Filed at Ottawa November 20, 1882.*

1. ABATEMENT—*motion to dismiss for death of plaintiff, not proper.* After the death of the plaintiff in an action to recover for a personal injury from negligence of the defendant, and the substitution of the administrator as plaintiff, a motion was made to dismiss the suit on the ground the cause of action did not survive, the record not showing of what the deceased died: *Held*, that the motion was impracticable, and properly overruled. If the motion could be allowed to take the place of a demurrer, which was not conceded, it could only reach defects apparent on the face of the record.

2. DEATH FROM WRONGFUL ACT, ETC.—*ground of recovery therefor.* Under the act of 1853, giving an action to the legal representative of a deceased person to recover damages in case the death of the intestate was caused by the wrongful act, neglect or default of another, the cause of action is the wrongful act, default or neglect of the defendant causing the death, and not merely the death itself.

3. SAME—*of the declaration to recover for wrong, causing death.* In an action under the act of 1853, giving an action for a wrongful act, etc., causing the death of another, the declaration must aver and the proof show a wrongful act, neglect or default of the defendant causing the death of the intestate, under such circumstances as would entitle him to maintain an action if death had not ensued, and the fact of survivorship, and the name or names of the widow or next of kin.

4. SAME—*elements of damages in case.* In an action brought by the representative of a deceased person to recover damages of the defendant for his wrongful act or negligence causing the death, no damages can be allowed for the bodily pain and suffering the deceased underwent, and his inability, after receiving the injury, to attend to his affairs generally, and for medical attendance and nursing. The damages recoverable are purely such as arise from pecuniary loss to the widow and next of kin.

5. SAME—*effect of act of 1872 upon the act of 1853.* Section 123 of the act of 1872, relating to the administration of estates, declaring that actions to recover damages for an injury to the person, except slander and libel, shall survive the party's death, does not repeal, by implication or otherwise, the act of 1853, giving an action to the legal representative of a deceased person for a wrongful act causing the death of the intestate. Injuries to the person not resulting in death, in case of the death of the injured party from some other cause, will come under the act of 1872, and survive to the personal representative. In the latter case no action lies under the act of 1853.

6. ACTION—*when it survives.* An action brought by a party to recover damages for a personal injury caused by negligence on the part of the defendant, and for pain and suffering caused thereby, and for loss of time and capacity for earning a livelihood, and for nursing and medical attendance, where the injury complained of results in his subsequent death before judgment, does not survive to his personal representative, but it will survive if his death is from some other and different cause.

7. STATUTE—*repeal by implication.* It is a familiar doctrine that repeals by implication are not favored, and that the earliest statute continues in force unless the two acts are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former plainly indicating an intention to repeal it. And where two statutes are seemingly repugnant, they should, if possible, be so construed that the later may not operate as a repeal of the former by implication.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

On the eighth day of August, 1877, Michael Daly brought an action on the case, in the circuit court of Cook county, against Charles C. Holton, to recover for injuries caused by the bursting of an emery wheel, through negligence, etc. The general issue was pleaded. The cause was tried at the October term, 1878, of the court, resulting in a verdict for the plaintiff, assessing his damages at $5000. At the De-

cember term of the court next following, a motion for a new trial, etc., was overruled, and judgment was rendered upon the verdict.   An appeal was prosecuted from that judgment to the Appellate Court for the First District, and that court, on inspecting the assignment of errors, and after argument, etc., reversed the judgment of the circuit court, and remanded the cause for another trial.   Subsequent to this, Michael Daly died; intestate, and Mary Daly was appointed administratrix of his estate, and afterwards, and after the cause had been redocketed in the circuit court pursuant to the mandate of the Appellate Court, the death of Michael Daly, the plaintiff, was suggested upon the record, and Mary Daly, administratrix of his estate, was substituted as the party plaintiff in the cause, and thereupon the defendant, by his attorney, moved the court to dismiss the cause, as one not surviving to the administratrix; but the court overruled the motion, and the defendant excepted.   The cause was again tried at the May term, 1881, of the Cook county circuit court, and resulted in a judgment for the plaintiff for $4000.   An appeal was prosecuted from this judgment to the Appellate Court for the First District, and that court, at its October term, 1881, affirmed the judgment of the circuit court.   The present appeal is from the last named judgment.

Messrs. HOLMES, RICH & NOBLE, for the appellant:

The court had no jurisdiction to try this action, or any action commenced by Daly, for the reason that the statute specially providing for injuries resulting in death, requires that every such action shall be brought by the personal representative, for the exclusive benefit of the widow and next of kin.

Section 124 of the chapter of the Revised Statutes relating to the administration of estates, which provides, that "in addition to the actions which survive by the common law, the following shall also survive: * * * actions to recover

damages for an injury to the person, except slander and libel," has no application to personal injuries causing the death of the person. It applies to personal injuries not producing the death of the party injured.

The court erred in refusing to charge the jury that if the plaintiff could recover at all, she could recover for only the pecuniary loss sustained by Daly, the intestate, as requested in our first proposed instruction, and in charging that if she had a case she could recover for Daly's bodily pain and suffering.

Messrs. HYNES, ENGLISH & DUNNE, for the appellee:

This action was brought by the intestate himself, in his lifetime. He died after one trial, and judgment in his favor for $5000, which was reversed on error. His administratrix was substituted as plaintiff, the statute declaring that the cause of action shall survive.

No damages were claimed in the declaration for the death of the intestate, and none sought to be recovered on the trial for that cause. The plaintiff in this action could recover only for what the intestate himself could, had he lived. His rights, whatever they were, passed to his personal representative, and nothing more or less.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Counsel for appellant sought to raise the question whether the present cause of action survives to the personal representative, by a motion to dismiss the suit after the administratrix had been substituted in the place of the deceased plaintiff. But this was manifestly not practicable. Possibly it might have been raised by a plea in abatement, pleading the death of the plaintiff in consequence of the same injuries to recover damages for which suit was brought; but it is unnecessary to express any opinion upon this point, since no such plea was filed. The motion, even if it could be allowed

to take the place of a demurrer, which we do not concede, could only reach defects apparent upon the face of the record, and there was nothing on the face of this record showing of what deceased died.

We are, however, of opinion that substantially the same question arises upon instructions, when considered in connection with the evidence to which they are applicable. The evidence shows the deceased was injured by the bursting of an emery wheel belonging to appellant, whilst he was in the employ of the appellant, and engaged in using such wheel. Suit was brought by deceased for this injury, alleging that it was caused by the negligence of appellant. The evidence shows that death resulted subsequent to the bringing of this suit, in consequence of the same injury. There was no attempt to prove it was the result of any other cause, but on the contrary, the evidence affirmatively and clearly showed it was from that cause. It is, therefore, with reference to this state of the evidence that we are to determine whether the jury were properly instructed.

The seventh instruction, given at the instance of appellee, is as follows:

"The jury are instructed that if, under the evidence and instructions of the court, the jury find the defendant guilty, then, in estimating the plaintiff's damages, it will be proper for the jury to consider the effect of the injury upon the health of the deceased, (if they believe, from the evidence, that his health was affected by the injury in question,) and also his ability after said accident to attend to his affairs generally in pursuing his ordinary trade or calling, (if the evidence shows that the same was affected by said accident,) and also the bodily pain and suffering he underwent, the necessary expenses of nursing, and medical care and attendance, and loss of time, (so far as these are shown by the evidence,) and all the damage which, from the evidence, can

be treated as the necessary result of the injury complained of. The jury can not consider the death of plaintiff's decedent as an element of damage, but only all damage sustained by him up to the time of his death."

If the evidence had shown that the death was the result of causes other than the bursting of the emery wheel, or, rather, that the injuries occasioned by the bursting of the emery wheel, to recover for which alone the suit was originally brought, did not cause the death, it is quite apparent this instruction would be free of objection; but in view of the fact that the evidence showed that the death resulted from the injuries occasioned by the bursting of the emery wheel, a very different question is presented. The common law rule was, that actions merely personal, arising *ex delicto*, died with the person, and did not survive to the representatives. Thus, Blackstone says: "And in actions merely personal, arising *ex delicto*, for wrongs actually done or committed by the defendant, as, trespass, battery and slander, the rule is, that *actio personalis moritur cum personâ;* and it never shall be revived, either by or against the executors or other representatives,— for neither the executors of the plaintiff have received, nor those of the defendant have committed, in their own personal capacity, any manner of wrong and injury." (See, also, 1 Chitty's Pleading, 7th Am. ed. 78.) But our General Assembly, by an act approved February 12, 1853, changed this rule, enacting as follows:

"Sec. 1. Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

The cause of action is plainly the wrongful act, neglect or default causing death, and not merely the death itself. Damages are recoverable, not for the killing, but, as was observed by COMSTOCK, J., in *Dibble* v. *New York and Erie R. R. Co.* as quoted by him in his dissent in *Whitford* v. *Panama R. R. Co.* 23 N. Y. 486, "notwithstanding or in spite of the death which ensues. The statute recognizes but one cause of suit, and that is the wrong done, irrespective of its consequences." And on this principle it has been held, if the injured person, in his lifetime, releases his claim for damages, his representatives can not maintain any action upon his subsequent death resulting from the injury thus compounded. Shearman & Redfield on Negligence, (2d ed.) sec. 301; *Whitfield* v. *Panama R. R. Co. supra; Dibble* v. *New York and Erie R. R. Co.* 25 Barb. 183; *Reed* v. *G. E. R. R. Co.* Law Rep. 3 Q. B. 555.

It is provided by the next section of the act, (section 2,) that "every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of $5000." In construing this section this court said, in *City of Chicago* v. *Major*, 18 Ill. 356: "The legislature intended that the money recovered should not be treated as a part of the estate of the deceased. They designed to exclude the creditors from any benefit of it, and to prevent its passing by virtue of any provisions of the will of the deceased. The personal representatives bring the

action, not in right of the estate, but as trustees for those who have a more or less direct pecuniary interest in the continuance of the life of the deceased, and who had some claim at least upon his or her natural love and affection." And it has accordingly since been held the declaration must aver, and the proof must establish, a wrongful act, neglect or default of defendant, causing the death of the intestate under such circumstances as would entitle him to maintain an action if death had not ensued, and the fact of survivorship, and the name or names of widow or next of kin. *Quincy Coal Co.* v. *Hood, Admr.* 77 Ill. 68.

Waiving, however, all question as to the sufficiency of the pleadings in this regard, it is plain, if the object be to recover under the statute quoted, the instruction was erroneous, because it says the bodily pain and suffering the deceased underwent, and his ability, after receiving the injury, to attend to his affairs generally, etc., are elements to be taken into consideration by the jury in assessing damages. This court has held the jury are not authorized, in such cases, to give damages for pain and suffering, but that the damage for which there may be recovery is purely that arising from pecuniary loss,—nothing can be given as a solace. (*Chicago and Rock Island R. R. Co.* v. *Morris,* 26 Ill. 400; *Chicago and Alton R. R. Co.* v. *Shannon, Admr.* 43 id. 338.) And so, also, upon like principle it has been held, if the next of kin are collateral, it is a material question whether they were in the habit of claiming and receiving pecuniary assistance from the deceased. If they were not, they can recover but a nominal sum; but where the relation of husband and wife, or parent and child, exists, the law presumes pecuniary loss from the fact of death. *City of Chicago* v. *Scholten,* 75 Ill. 468; *Chicago and Northwestern R. R. Co.* v. *Swett, Admr.* 45 id. 197.

Unquestionably, if the suit depended upon common law principles, it could not be maintained; and if it is for the

purpose of recovering under the act of 1853, the instruction is as unquestionably erroneous.

But counsel for appellee claim the ruling in the lower courts may be sustained under the 123d section of the revised act in relation to the administration of estates, approved April 1; 1872, and in force July 1, 1872, whereby it is enacted that in addition to the actions which survive by the common law, certain actions therein named, including "actions to recover damages for an injury to the person, except slander and libel,  *  *  .*  shall also survive." (Rev. Stat. 1874, p. 126.)   There is nothing in that section which professes to repeal the act of February 12, 1853.   Both this section and the act of February 12, 1853, are reproduced in the revision of 1874, and it is therefore clear the General Assembly intended both to stand.   Is there such repugnance between them that both can not be the law?   It is a familiar doctrine that repeals by implication are not favored, and that the earliest statute continues in force unless the two acts are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former, plainly. indicating an intention to repeal it.   (*Town of Ottawa* v. *La Salle County,* 12 Ill. 339.)   And it is held, where statutes are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal by implication of the former.   (Ibid; *Bruce* v. *Schuyler*, 4 Gilm. 221.)   So, also, a subsequent statute which is general, does not. abrogate a former statute which is particular. *Chicago* v. *Quimby,* 38 Ill. 274; *Card* v. *McCaleb,* 69 id. 314; *McDonough County* v. *Campbell,* 42 id. 490 ; *Hume* v. *Gossett,* 43 id. 297; *People* v. *Barr,* 44 id. 198; *Gunnarssohn* v. *City of Sterling,* 92 id. 569.

The act of February 12, 1853, applies, as we have seen, by its own terms, to all cases where "the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not

ensued, have entitled the party injured to maintain an action, and recover damages in respect thereof." As was said in *City of Chicago* v. *Major, supra,* this "language is very broad and comprehensive, embracing, in direct and positive terms, all cases where, if death had not ensued, the injured party could have maintained an action for the injury;" and, as we have already observed, it is the wrongful act, neglect or default that constitutes the cause of action. A right of action which, at common law, would have terminated at the death, is continued for the benefit of the wife, husband, etc., and its scope enlarged to embrace the injury resulting from the death. Cooley on Torts, 263, 264; Shearman & Redfield on Negligence, (2d ed.) sec. 301.

There were left, however, injuries to the person not resulting in death, for which, in the event of the death of the injured party before obtaining judgment, no remedy was provided, affording a proper subject matter for the act of 1872. If a party receiving injuries died from other causes, no action could be maintained under the act of February 12, 1853; but now, under the statute of 1872, the cause of action survives to his personal representatives. It is not to be presumed it was intended there should be two causes of action, in distinct and different rights, by the same party plaintiff, for the same wrongful act, neglect or default. It would, obviously, be impossible to draw a line severing with accuracy the damages resulting from the permanent character of the injury, and its effect upon the capacity of the plaintiff for future usefulness in acquiring property, etc., from the actual loss to the wife, parent or child, in consequence of being deprived of this same capacity, by reason of the same injury resulting in death. Yet if the administrator is entitled to recover for the benefit of the estate, generally, just what the plaintiff could have recovered if he had not died before judgment, it is settled he can recover for permanent injuries impairing future usefulness, and consequent pecuniary loss. (*Peoria*

*Bridge Association* v. *Loomis*, 20 Ill. 235.)    Nevertheless, as we have seen, it is for precisely this loss, when death results, that the widow, parent or child, or next of kin, is entitled to recover.

The recognition of the right in the deceased to have controlled this action in his lifetime, leads, logically, to the conclusion that a recovery by him would have been a bar to a recovery by his representative, and this because the cause of action would have been merged in the judgment.    (Freeman on Judgments, sec. 241.)    But if the action by the administrator, under the act of February 12, 1853, is for something other and different than that for which the deceased could have recovered had he obtained judgment in his lifetime, it is manifest no such merger would have taken place.    It is true the measure of recovery in the different cases is not the same, but the cause of action is, viz., the wrongful act, neglect or default.

We feel, therefore, constrained to hold that the act of 1872 was not intended to apply to cases embraced by the act of February 12, 1853.    It hence follows, that in this action plaintiff occupies precisely the same position that he would have occupied had it not been begun until after the death, and it had then been begun under the act of February 12, 1853.

The court erred in giving the instruction quoted, and for this error the judgment is reversed, and the cause remanded, with leave to appellee to amend her declaration, if she shall be so advised, and for further proceedings in accordance with this opinion.

*Judgment reversed.*