Chicago & Eastern Illinois R. R. Co.

v.

Jeremiah O'Connor, Jr., Adm'r.

Survival of action.—In an action on the case, for a personal injury, where the party dies before obtaining judgment, but the death is not the result of the injury, the action survives to the personal representatives, under the provisions of section 123 of the statute in relation to the administration of estates.

Appeal from the Superior Court of Cook county ; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed June 9, 1886.

Mr. Wm. Armstrong, for appellant.

Messrs. Hynes, English & Dunne, for appellee.

Bailey, P. J. This was an action on the case, brought by Jeremiah O'Connor against the Chicago & Eastern Illinois Railroad Company, to recover damages for a personal injury. The defendant appeared and pleaded not guilty, and a trial of the issue thus formed having resulted in a verdict and judgment for the plaintiff, an appeal was taken by the defendant to this court, where said judgment was reversed and the cause remanded for a new trial. C. & E. I. R. R. Co. v. O'Connor, 13 Bradwell, 62. Shortly after the decision of said appeal Jeremiah O'Connor died, and his administrator, Jeremiah O'Connor, Jr., was substituted as plaintiff. The defendant thereupon filed a plea alleging the death of the original plaintiff, and also alleging that his death was in no way caused by the injuries alleged in the declaration, and praying judgment for the defendant. To this plea a demurrer was sustained, and it also appears that on motion of the plaintiff said plea was stricken from the files. Which of these orders, the one sustaining the demurrer or the one striking the plea from the files, was entered first, the record fails to show.

As the contrary does not appear, it may be presumed that the order sustaining the demurrer was the one first entered; and if so, the defendant was in no way prejudiced by a subsequent order striking the plea from the files. But we can not see that the case would have been materially different if it had appeared that the latter order was the first one entered. Both seem to have been entered upon the same ground, viz., that the plea presented no defense to the action, and if the plaintiff's counsel, as well as the court, ignoring or waiving the fact that the plea had been already disposed of on motion, saw fit to accord to the defendant the right of having its sufficiency tested by demurrer, the defendant can not ·complain of the former order, of which the plaintiff sought to take no advantage.

The theory of the plea is, that by the death of the plaintiff, the cause of action became extinguished, and that the action itself should therefore be abated. Such plainly would have been the case at common law, under the rule that *actio personalis moritur cum persona;* but section 123 of the statute in relation to the administration of estates provides that, in addition to the actions which survive at common law, certain actions particularly enumerated shall also survive, among which are " actions to recover damages for an injury to the person." This statute would seem to be too plain to admit of controversy, especially as applied to the facts alleged in the plea, viz., that the plaintiff's death was not caused by the injuries complained of. If such was the case there can be no doubt that the action survived, and that under section 10 of the statute in relation to abatement, the administrator was properly substituted as plaintiff.

Some difficulty has arisen in other cases, out of the apparent conflict between the section of the statute in relation to the administration of estates, above cited, and the act of February 12, 1853, giving an action to the representatives of a deceased person for the benefit of his next of kin, where the death is caused by a wrongful act, neglect or default, for which the party injured would, if death had not ensued, have been entitled to maintain an action and recover damages.

This apparent conflict was elaborately considered by the Supreme Court in Holton v. Daly, 106 Ill. 131, and it was there held that where the death of the party injured is caused by the wrongful act, neglect or default complained of, the act of February 12, 1853, alone applies; but that where the injuries do not result in death, but the party injured dies before obtaining judgment, the action survives to the personal representative, under the provisions of section 123 of the statute in relation to the administration of estates. It thus appears that the averments of the plea bring the case clearly within the terms of the latter statute.

After said plea had been disposed of as above stated, the defendant moved the court to strike from the plaintiff's declaration certain averments as to the permanency of the injury complained of, which motion was sustained in part by striking from each count the words " permanently crippled and disabled." The defendant's counsel thereupon asked leave to demur to the declaration, which being refused he asked leave to file a plea of not guilty and a plea of the Statute of Limitations, setting up the two years limitation provided by section 14 of the statute. This was also refused, and these rulings of the court are assigned for error.

It is difficult for us to see upon what ground the court was justified in striking out any part of the declaration, but as the plaintiff has not assigned errors it is unnecessary for us to consider that question. It is very clear, however, that the action of the court, striking said words from the declaration, did not make it a new declaration, so as to call for or open the door to new pleadings on the part of the defendant. No new case was made thereby, and no new fact alleged or issue tendered. A plea of not guilty was already on file, and upon that plea issue had been joined and a trial had, and there was no occasion for further pleadings. So far as the defense of the Statute of Limitations is concerned, there is no pretense that the suit was not brought within less than two years after the cause of action accrued, and the claim that the change in the declaration, made by order of the court, constituted the action a substantively new one, so as to call for an application of

the rule established by the case of I. C. R. R. Co. v. Cobb, 64 Ill. 128, and other similar authorities, is simply absurd. The efforts of the defendant's counsel to introduce new pleadings seem to us to have been merely captious and unworthy of the serious consideration of the court.

At the trial the jury found the defendant guilty and assessed the plaintiff's damages at $2,250, and for that sum and costs the plaintiff had judgment. It is urged that the verdict is contrary to the evidence. We have examined the evidence with care, and while we find it in some respects conflicting, we are of the opinion that it fairly sustains the verdict. The evidence clearly tends to charge the defendant's servants who were running the locomotive engine by which the injury complained of was inflicted, with negligence, and we think the jury were warranted in holding that O'Connor, at the time he was injured, was in the exercise of ordinary care.

The jury were properly instructed as to the law, and we see no reason for disturbing their verdict. There being no error in the record the judgment will be affirmed.

Judgment affirmed.