John F. Devine, Administrator, Appellant, v. Mary E. Healy, Executrix, Appellee.

Gen. No. 13,993.

1. STATUTORY LAW—*rule of construction.* Where a statute previously existing in another state or in England has been adopted in this state, the construction which at the time of adoption had been placed upon such statute by the courts of such other state and England, will be given great weight by the courts of this state in ascertaining its meaning.

2. LORD CAMPBELL'S ACT—*effect of adoption of Illinois statute.* The statute of this state which is a substantial copy of Lord Campbell's Act, which gives a right of action to the personal representative of a person killed by the wrongful act of another, does not work a simple devolution of the cause of action which the deceased would have had to and upon his personal representative, but it is an entirely new cause of action, created by the statute. This statute, likewise, does not in terms or by necessary implication make any change in the common law rule as to the liability or non-liability of the executor or administrator of the wrong-doer.

3. NEGLIGENCE—*when action for, does not lie against personal representative of wrong-doer.* No action lies against the executor or administrator of one whose wrongful act has caused the death of another. McIntyre v. Sholty, 121 Ill. 660, distinguished.

Devine v. Healy.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1907.  Affirmed.  Opinion filed May 19, 1908.

RUNNELLS, BURRY & JOHNSTONE, for appellant; GUY M. PETERS, of counsel.

GORHAM & WALES, for appellee; WILLIAM H. DUVAL, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal by the plaintiff below from a judgment of the Superior Court sustaining a demurrer to the plaintiff's amended declaration and dismissing the suit at the costs of the plaintiff.

The amended declaration avers that John M. Healy, defendant's intestate, was on April 20, 1906, a general contractor engaged in laying water mains in Lake county, Illinois, in a public street.  On that date Frank Riggs, plaintiff's intestate, was in the employ of said Healy as a calker, and was working at the bottom of a ditch which had been dug by Healy's men, engaged in calking a water main, and a large part of the wall of the ditch caved in and fell upon Riggs, killing him instantly; that Frank Riggs left him surviving his father, his mother, and brothers and sisters, naming them, and that all of them are still living and were dependent upon said Frank Riggs, in whole or in part, for their support, and have been deprived of his support because of his death.

The amended declaration was filed July 18, 1907, and alleges that July 16, 1906, Healy died, and Mary E. Healy, the defendant, was appointed executrix of his will; and that in April, 1907, letters of administration on the estate of Frank Riggs, deceased, were taken out by the plaintiff as public administrator.

A general demurrer was filed to the amended declaration.  The defendant insisted that the cause of ac-

tion was not one that survived against the representative of the defendant. The demurrer was sustained. The plaintiff elected to stand by his declaration, and the case was dismissed.

The question presented is: Can this action be maintained against the personal representative of the tort-feasor?

At common law, there was no action in favor of the representative of one whose death was caused by the wrongful act of another. For an injury to another negligently inflicted the wrongdoer had to respond. If his negligence caused the death of the injured party, the wrongdoer went free. This was felt to be an injustice, and accordingly Parliament passed what is known as Lord Campbell's Act (9th and 10 Vict. C. 93), giving a right of action for death of a person caused by wrongful act, neglect or default, for the benefit of certain designated surviving relatives. New York passed a similar statute in 1847, and Illinois followed by adopting the Act of February 12, 1853, which was a copy of the New York statute, and under which this action is brought.

Section 1 of the Act of 1853 is said to be a *verbatim* copy of the corresponding section of Lord Campbell's Act, and is as follows (Revised Statutes, ch. 70, sec. 1):

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then in every such case, the person who, or company or corporation which, would have been liable if death had ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

Since this statute is a copy of the New York statute which in turn is taken from Lord Campbell's Act, the

construction placed upon it by the English and New York courts should have great weight in determining the construction to be placed upon it. From these authorities we think it is clear that the present action is not brought to enforce the right which the common law gave to the deceased. The statute does not work a simple devolution of a cause of action which the deceased would have had to and upon his personal representative, but it is an entirely new cause of action, created by the statute, which is here sought to be enforced. The statute does not profess to revive the cause of action which deceased would have had, if death had not ensued, in favor of the executor or administrator. That was extinguished by his death. But, as said in Holton v. Daly, Admr., 106 Ill. 131, 137, after quoting the second section of the Act: "In construing this section this court said in City of Chicago v. Major, 18 Ill. 349, 356: 'The legislature intended that the money recovered should not be treated as a part of the estate of the deceased. They designed to exclude the creditors from the benefit of it, and to prevent its passing by virtue of any provisions of the will of the deceased. The personal representatives bring the action, not in the right of the estate, but as trustees for those who have more or less direct pecuniary interest in the continuance of the life of the deceased, and who have some claim at least upon his or her natural love and affection.' "

This construction of the statute is sustained by Legott v. The Great Northern Ry. Co., 1 Q. B. Div. 599; Whitford v. Panama Ry. Co., 23 N. Y. Rep. 470, and cases cited in Holton v. Daly, *supra*.

While, as we have seen, the cause of action created by the statute is not in right of the estate of the deceased, but is "for the exclusive benefit of the widow and next of kin of such deceased person," and the measure of recovery is not the same, still, the cause of action is the "wrongful act, neglect or default," resulting in death, and the action is for a tort. The

demurrer raises the question—Can this action be maintained against the personal representative of the wrongdoer?

Blackstone says: "And in actions merely personal, arising *ex delicto,* for wrongs actually done or committed by the defendant, as trespass, battery and slander, the rule is, that *actio personalis moritur cum persona;* and it never shall be revived, either by or against the executors or other representatives,—for neither the executors of the plaintiff have received, nor those of the defendant have committed, in their own personal capacity, any manner of wrong and injury." Vol. 2, Cooley's Blackstone, 362.

At common law, neither the executor nor heir was to answer for the personal tort of the decedent. Tooley v. Windham, Cro. Eliz., 206; Baily v. Birttes, T. Raym. 71. "No action," said Lord Mansfield, "where in form the declaration must be *quare vi et armis et contra pacen,* or where the plea must be that the testator was not guilty, could be against the executor; upon the face of the record, the cause of action arises *ex delicto;* and all private criminal injuries or wrongs, as well as all public crimes, are buried with the offender." Cowp. 375. "Executors and administrators," said Lord Ellenborough, "are the representatives of the temporal property, that is the debts and goods of the deceased, but not of their wrongs, except where those wrongs operate to the temporal injury of their personal estate." Chamberlain's Admr. v. Williamson, 2 M. & S., 415; Vol. 3; Robinson's Practice, 288; Mellen v. Baldwin, 4 Mass., 480; Cravath v. Plympton, Admr., 13 Mass. 453.

The act approved February 12, 1853, changed this rule, as we have already indicated, as to the right of action, and by whom and for whose benefit the recovery may be had. That act, however, does not, in terms or by necessary implication, make any change in the common law rule above stated, as to the liability

or non-liability of the executor or administrator of the wrongdoer.

It is contended by counsel for appellant that this act of 1853 should be construed in connection with section 122, chapter 3 of the Revised Statutes, which is as follows:

"In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for injury to real or personal property, or for the detention or conversion of personal property, and actions against officers for misfeasance or non-feasance of themselves or their deputies, and all actions for fraud or deceit."

And it is argued that this action is one for the recovery of damages for injuries to the person resulting in death, and that the cause of action is the wrongful act; and since the estate of one who injures another wrongfully must respond in damages, there is no reason in the nature of things, why the estate of the wrongdoer should escape if the wrong is greater, and the injury results in death.

We think, however, the survival statute above quoted providing for the survival of "actions to recover damages for an injury to the person" refers to common law actions for that purpose, and not to the action authorized by the statute of 1853, which gives an action, unknown to the common law, not to recover damages for injury to the person, but to recover for the pecuniary loss to the widow and next of kin occasioned by the death of the person caused by the wrongful act.

In Holton v. Daly, Admr., *supra,* the court, after discussing the acts under consideration, said: "We feel, therefore, constrained to hold the act of 1872 was not intended to apply to cases embraced by the act of February 12, 1853."

In Davis v. Nichols, 54 Ark. 358, Curtner, the wrong-

doer, died while an action was pending against him under a statute modeled after Lord Campbell's Act. An attempt was made to revive the action against his administrator, and the question was, could the cause be revived against his administrator? In the course of a well-considered opinion the court, at page 361, says:

"But the cause of action which survives to the administrator upon the death of one who has received physical injury does not inure to the benefit of the widow and next of kin. The action which is prosecuted for their benefit is not founded on survivorship, but is a new cause of action which death itself originates. It begins where the action which survives ends. * * * It follows that the action prosecuted for the benefit of the widow abated upon the death of Curtner, the wrongdoer." Norton v. Wiswall, 14 Howard's Prac. 42, and Hegench v. Keddie, 99 N. Y. Rep. 268, are interesting cases, deciding the same question under similar statutes.

Mr. Justice Caton, in City of Chicago v. Major, *supra,* in discussing the act of 1853, said: "This is a new cause of action given by this statute and unknown to the common law and should not be extended beyond the fair import of the language used."

If this statute gives a new cause of action for the recovery of the loss to the widow and next of kin, it alone controls the recovery thereunder and the terms of the statute itself must decide and determine the scope of the rights granted by it. The statute is silent as to any right to hold the executor or administrator of the wrongdoer liable for the cause of action given by it. The statute does not extend that right of action beyond the wrongdoer himself. It does not, expressly or impliedly, impair the familiar common law rule that the wrongdoer and the wrong are buried together. Courts ought not to extend the terms of the act beyond their natural and plain import, where

the legislature has failed to give any intimation of such an intent in the act itself.

It is contended, however, on behalf of appellant that the question of maintaining an action of this character against the administrator of the tort-feasor has been settled in this state in McIntyre v. Sholty, 121 Ill. 660.

It cannot be doubted that the question was squarely involved in that case. But the only question argued in that case, and the only question decided by the court, was the liability of an insane person in a civil action for torts he may have committed. We do not think the Supreme Court is bound by such a decision as to a grave question of the construction of a statute, when the question, though necessarily involved in the case, was not suggested or argued. For that reason we do not follow the decision.

We think the ruling of the court on the demurrer to the declaration was correct, and the judgment is affirmed.

<em>Affirmed.</em>