## The People of the State of Illinois, Defendant in Error, v. Anderson Tea Company, Plaintiff in Error.

### Gen. No. 18,760.

1. CRIMINAL LAW—*substitutes for butter*.    Section 4 of the Act of 1907, entitled "An Act to Prevent Fraud in the Sale of Dairy Products," etc., relating to the securing of evidence of illegal sales, cannot be construed as a part of the Act of 1897, entitled "An Act to Regulate the Manufacture and Sale of Substitutes for Butter."

2. CRIMINAL LAW—*reading law to jury*.    In a criminal prosecution it is not error for counsel to read law to the jury.

3. CRIMINAL LAW—*penalty*.    The judge may impose a penalty on one convicted of violating the Act of 1897, entitled "An Act to Regulate the Manufacture and Sale of Substitutes for Butter."

4. CRIMINAL LAW—*sale of imitation butter*.    A conviction for violation of Act June 14, 1897, § 4, for the sale of imitation butter, is proper where the clerk in charge of defendant's store, on being asked for butter, sold oleomargarine without marking the package or stating that it was not genuine butter.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 6, 1913.

T. F. MONAHAN, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOFHEIMER and CHARLES F. McKINLEY, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a case commenced by information in the Municipal Court of Chicago, charging that the Anderson Tea Company, hereinafter called defendant, on or about March 1, 1912, in Chicago, "did unlawfully offer for sale and sell a certain quantity of imitation butter without then and there informing the purchaser thereof that the substance offered for sale and sold was imitation butter, contrary to the form of the stat-

ute,'' etc.  The case was tried by a jury, resulting in a verdict of guilty, and defendant was fined $100 and costs.  It is urged by the defendant that this judgment should be reversed.

The statute above referred to is section 4 of ''An Act to Regulate the Manufacture and Sale of Substitutes for Butter,'' approved June 14, 1897, in force July 1, 1897, chapter 38 Hurd's Revised Statutes, sections 39d to 39n.  In 1907 the legislature passed an act entitled ''An Act to prevent Fraud in the Sale of Dairy Products,'' etc.  Defendant contends that the act of 1897 and the act of 1907 must be construed together.  The pertinency of this contention lies in the fact that by section 4 of the act of 1907 it is provided, concerning persons securing evidence, that ''The person taking such sample as provided for in section 2 of this act, shall  *  *  *  divide the same into two equal parts  *  *  *  he shall in the presence of the person from whom the same is taken, mark or seal each half or part of such sample with a paper seal or otherwise, and shall write his name thereon and number each part of said sample with the same number, and also write thereon the name of the said dealer in whose place of business the sample is found, and the person from whom said sample is taken shall also write his own name thereon.''  It is conceded by counsel for the People that the provisions of this section were not followed by the inspectors who secured the evidence against the defendant.

We cannot yield assent to the claim that the Dairy Act of 1907 must be construed together with and as a part of the act of 1897.  The act of 1897 is complete both in its terms of regulation and in its provisions for enforcing the act.  It has been held to be a valid enactment.  People v. Freeman, 242 Ill. 373.  The law of 1907 specifically exempts from repeal the act of 1897.  Section 43, chapter 127b, Hurd's Revised Statutes.  Regardless, however, of this proviso in the law of 1907, a consideration of the act indicates no legisla-

tive intent to alter the prior act, either by adding anything thereto or in any other way.· Section 11 of the act of 1897 makes it the duty of the State's Attorney to prosecute all violations of the act "upon the complaint of any person." To hold that there could be no prosecution upon the complaint of "any person" who might be able to produce proof of the violation of the act, unless such person should go through the process prescribed by section 4 of the act of 1907, would substantially change the act of 1897. We understand that counsel does not contend that the subsequent act changes the former act, but in our opinion his contention necessarily involves such a change. The doctrine of construction in *pari materia* has no place here, as there is no inconsistency in the two acts and the terms and provisions of each are clear and unambiguous.

It is well settled that a subsequent statute, which is general, does not abrogate a former statute which is special (Holton v. Daly, 106 Ill. 131), and, as we have said, to inject section 4 of the act of 1907 into the act of 1897 is to alter materially the earlier act.

Other errors are suggested, but we deem them not to be of sufficient importance to justify a reversal. The case was a criminal prosecution, and the proceedings seem to have been properly conducted. It was not error for counsel to read law to the jury if he desire to do so. It was also proper for the judge to impose the penalty. Division XIV of Criminal Code, section 10.

There seems to be no dispute as to the facts. The defendant company conducted a tea, coffee and butter store on Milwaukee avenue. Witnesses went into the store and asked for a pound of thirty cent butter. There was a tub in the ice-box exposed to view, with a sign over it marked "30 cents." The clerk in charge of the store took a quantity of what looked like butter from this tub, weighed and wrapped it, and

handed it to the witness, who paid him thirty cents for the same. Nothing was said by the clerk to indicate that it was not genuine butter, nor was there any mark on the package. It is not denied that upon analysis the contents of the package were found to be oleomargarine. This conduct of the defendant was strictly within the provisions of the act making it un-lawful to sell or offer for sale any imitation butter without informing the purchaser thereof that the substance sold or offered for sale was an imitation.

We are of the opinion that the verdict and judgment were fully justified by the evidence, and there being no reversible error the judgment will be affirmed.

*Affirmed.*