(No. 11391.—Reversed and remanded.)
CHARLES W. PEASE, Admr., Appellant, vs. THE ROCKFORD
CITY TRACTION COMPANY et al. Appellees.

*Opinion filed June 21, 1917—Rehearing denied October 5, 1917.*

1. ACTIONS AND DEFENSES—*effect of death of the plaintiff in an action for personal injuries.* If the plaintiff in an action for personal injuries dies before judgment from some cause other than his injuries the cause of action survives to his administrator, but if the death results from the injuries sued for the suit abates and cannot be further prosecuted, but in the latter case the statute creates a new cause of action in favor of the widow and next of kin.

2. SAME—*when defendants waive right to object to irregular beginning of an action.* Where the plaintiff in an action for personal injuries dies before judgment, the administrator is substituted as plaintiff and the declaration is amended so that some counts state the original cause of action while one states the new cause of action in favor of the widow, if the defendants plead the general issue to the amended declaration instead of demurring for the misjoinder they waive the right to object to the irregular beginning of the suit, and after the expiration of the limitation within which the new action could be brought they cannot withdraw their plea and have the count stating the new cause of action stricken out.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

ROY F. HALL, for appellant.

R. K. WELSH, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On December 31, 1914, Warren W. Pease began an action on the case against the appellees for personal injuries received while in the employ of the defendants through their negligence, on July 21, 1914. On February 11, 1915, he died, and his death having been suggested to the court his administrator was substituted as plaintiff, and, on leave

given, the *præcipe* and summons were amended so as to show Charles W. Pease, administrator of the estate of Warren W. Pease, deceased, as plaintiff. An amended declaration of four counts was filed on May 10, 1915, each count alleging the same negligence as was charged in the original declaration. The first and third counts charged that the deceased died from causes unknown to the plaintiff, the second and fourth that his death was the result of the injuries received. The second count, however, contained no allegation that the deceased left a widow or next of kin surviving him, while the fourth count did contain such an allegation. A plea of the general issue was filed to the declaration on June 1, 1915, and the cause stood thus at issue until February 23, 1916, twelve days after the lapse of one year from the death of Warren W. Pease. On that day the defendants asked leave to withdraw their plea to the fourth count, which was granted, and thereupon the defendants moved to strike the fourth count from the files, and this motion was allowed. This count stated a good cause of action, and if the facts were as stated in it there could be no recovery on either of the other counts. Later in the term the plaintiff made a motion to vacate the order striking the fourth count, to permit him to elect and to dismiss the other three counts and permit the fourth count to stand as the declaration, but the motion to re-instate the fourth count was denied, the other counts were dismissed and judgment was rendered against the plaintiff for costs. The Appellate Court affirmed the judgment and granted a certificate of importance and appeal.

If the plaintiff in an action for personal injuries dies before judgment from some cause other than his injuries the cause of action survives to his administrator, but if his death results from the injuries sued for, the suit abates and cannot be further prosecuted. (*Holton* v. *Daly,* 106 Ill. 131; *Prouty* v. *City of Chicago,* 250 id. 222; *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor,* 119 id. 586;

*Ohnesorge* v. *Chicago City Railway Co.* 259 id. 424; *Wilcox* v. *International Harvester Co.* 278 id. 465.) In the latter event the statute creates a cause of action in favor of the widow and next of kin to recover for the pecuniary loss sustained by them by reason of the death, and this cause of action is different from that which the injured person may himself maintain if his injuries do not result in death.

When the declaration was expanded, by amendment, from one count to four, the second count stated no cause of action, the first and third counts stated the same cause of action as the original declaration, and the fourth count a different cause of, action which was not in existence when the action was begun. This count was not an amendment or re-statement of the original cause of action. If its nature had been called to the attention of the court when it was filed, leave to file it would no doubt have been denied. It could not be properly joined with the other counts, and the whole declaration was therefore bad on demurrer for the misjoinder of causes of action. Perhaps a motion to strike out the fourth count because it was not an amendment of the original declaration but was the statement of a new cause of action would have been sustained. The defendants, however, elected to contest on the merits and filed a plea of the general issue. By the filing of this count the plaintiff was endeavoring to prosecute an action against the defendants for causing the death of his intestate. The defendants could have avoided answering that count but they chose to appear and take issue on it. It stated a good cause of action, but it could not, of course, relate back to the original declaration, for it did not purport to state a cause of action which could have arisen at the time the original declaration was filed. It was an original effort then first begun to prosecute a new and distinct cause of action. The defendants accepted the offer and joined issue. Parties may waive many of their rights by not insisting on them at the

proper time, and the defendants waived their right to object to this irregular method of beginning an action when they filed a plea to the merits. It was an abuse of discretion to permit them, after the expiration of the limitation within which an action could be brought, to withdraw their plea and strike out the count. The appellant's motion to reinstate the fourth count and dismiss the other three should have been sustained.

The judgments of the Appellate Court and the circuit court will be reversed and the cause remanded to the circuit court, with directions to dismiss the first three counts and re-instate the fourth count as the declaration.

*Reversed and remanded, with directions.*