Boscoe B. Young, Administrator of the Estate of Susan Anne Potter, Deceased, Appellant, v. John W. Ostrander and John Ostrander, Jr., Appellees.

Gen. No. 36,163.

Opinion filed April 11, 1933.

LOESCH, SCOFIELD, LOESCH & BURKE, for appellant; EDWARD M. BURKE, of counsel.

ROEMER & GREEN, for appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

June 22, 1931, Boscoe B. Young, plaintiff, as administrator of the estate of Susan Anne Potter, deceased, filed his declaration against defendants in an action of trespass on the case in which he sought to recover *only* the moneys expended and expenses incurred by the deceased in her lifetime in endeavoring to be cured of injuries claimed to have been caused by the wrongful act or neglect of the defendants and in which it is expressly alleged that the injured person *died from the injuries sustained*.

A general demurrer was sustained to the declaration and, plaintiff electing to stand by his demurrer, defendants had judgment.

The only question presented by this record is whether or not an action to recover damages for an injury to a person survives to the extent that the administrator may recover for the benefit of the estate generally the money expended by the injured person in her lifetime in endeavoring to be cured of her injuries when the injured person died from the injuries received.

In this appeal both the plaintiff and defendants cite the same authorities and differ only in the construction and interpretation of same.

Plaintiff contends that this question has never been directly passed upon and is presented for the first time by this record and that an analysis of all the cited cases and a proper differentiation between the *dictum* and *decidendi* of those cases will compel us to the conclusion that the correct construction of paragraph 125, ch. 3, Cahill's Illinois Revised Statutes, 1931, which provides as follows:

"In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person (except slander and libel) . . ." will sustain plaintiff's contention that he should be permitted to maintain his action.

In construing the section of the statute *supra* the Supreme Court of this State, beginning with the case of *Holton v. Daly,* 106 Ill. 131, has consistently held that where a person dies from the injuries sustained by reason of the alleged wrongful and negligent acts of others, then the suit or cause of action for the pain and suffering or expense incurred abates and is not revived by any statute in this State and if the injured person dies from causes other than the alleged wrong-

ful or other negligent act then the cause of action survives.

There cannot be two recoveries for the same wrongful act. If Susan Anne Potter died as a result of the injuries she received, the Act of February 12, 1853, as amended, Cahill's St. ch. 70, ¶¶ 1 and 2, exclusively applies. This act created a cause of action which did not exist at common law and is as follows:

"AN ACT REQUIRING COMPENSATION FOR CAUSING DEATH BY WRONGFUL ACT, NEGLECT OR DEFAULT.

"Par. 1. *Death—Cause of action, when survives.*] Section 1. Be it enacted by the People of the State of Illinois, represented in the General Assembly, Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover . damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Par. 2. *Action by administrator—Beneficiaries— Damages.*] § 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law. In relation to the distribution of personal property left by persons dying intestate and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin

of such deceased person not exceeding the sum of $10,000; *Provided,* that every such action shall be commenced within one year after the death of such person."

Plaintiff does not contend that the Death by Wrongful Act statute does not apply to the instant case, but he does urge that, notwithstanding this statute, he should be permitted to maintain his action to recover the expenses incurred by the deceased Susan Anne Potter in her endeavor to be cured of her injuries. If his contention is correct then this court must hold that two recoveries may be had because of one wrongful act, inasmuch as it is conceded that the Death by Wrongful Act statute was and is in full force and effect.

Plaintiff and defendants both cite and rely on the following cases among others: *Holton v. Daly,* 106 Ill. 131; *Chicago & E. I. R. Co. v. O'Connor,* 119 Ill. 586; *Devine v. Healy,* 241 Ill. 34; *Prouty v. City of Chicago,* 250 Ill. 222; *Ohnesorge v. Chicago City Ry. Co.,* 259 Ill. 424; *Wilcox v. International Harvester Co. of America,* 278 Ill. 465; *Pease v. Rockford City Traction Co.,* 279 Ill. 513; *Wilcox v. Bierd,* 330 Ill. 571.

A careful study of these cases leads us to the conclusion that the law is so well settled on the only proposition of law presented in this appeal that it is unnecessary to quote at length from these decisions. As stated in *Holton v. Daly, supra,* "it is not to be presumed it was intended (by acts referred to) there should be two causes of action, in distinct and different rights, by the same party plaintiff, for the same wrongful act, neglect or default."

It may well be that in this and other causes it would be more advantageous for an administrator to bring his action in behalf of the estate generally to recover damages intermediate the injury and death; it may be true in this and other causes that an action brought

in behalf of the next of kin under the Death by Wrongful Act statute would result in the recovery of only nominal damages by reason of the fact that the next of kin were only collateral and could show little or no pecuniary injury and loss; and it may also be true that the plaintiff in this cause is afforded no action at law to recover the particular damages sought to be recovered by him in this suit; yet none of these reasons or any others that have been urged can justify any holding in this case that does not accord with the doctrine of law enunciated by the Supreme Court of Illinois in 1883 and adhered to ever since. This court said in *Merrihew v. Chicago City Ry. Co.*, 92 Ill. App. 346, 355: "If the rule announced in *Holton v. Daly* is to be modified in any respect, it is for the Supreme Court and not for us, to do."

The judgment of the circuit court is affirmed.

*Affirmed.*

SCANLAN, P. J., and GRIDLEY, J., concur.